Dustin Heath VICKERS *v*. STATE of Arkansas

91-175                                    819 S.W.2d 13

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Green & Henry*, by: *J. W. Green, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal arises from the circuit court's denial of appellant Dustin Heath Vickers' motion to transfer his first degree murder case to juvenile court. At the time of the murder Vickers was seventeen years old. We find no error in the circuit court's decision, and we affirm.

There is no disagreement over the facts in this case as they relate to this appeal. The murder occurred on October 6, 1990, and the charge against Vickers was filed in Pulaski County Circuit Court on January 23, 1991. On May 9, 1991, Vickers filed a motion to transfer the case to juvenile court pursuant to Ark. Code Ann. § 9-27-318 (Supp. 1991). The circuit court denied the motion on June 18, 1991, following a hearing, and on July 1, 1991, Vickers filed a petition for a writ of prohibition seeking to halt the trial of the charge in circuit court. We denied the petition, but at the same time we stayed the trial pending this appeal.

We have had several opportunities in recent months to consider juvenile transfer cases, and our holdings are now clear that the standard for review is whether the circuit court's denial of a transfer was clearly erroneous. *See Smith* v. *State*, 307 Ark. 223, 818 S.W.2d 945 (1991); *Bradley* v. *State*, 306 Ark. 621, 816 S.W.2d 605 (1991); *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502, *reh'g denied* 304 Ark. 402A, 805 S.W.2d 80 (1991).

In making the transfer decision, the circuit court must consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

    (3)   The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e) (1987). If the court finds that a juvenile should be tried as an adult, it must do so by clear and convincing evidence.

■■   We have held in this regard that a criminal information is sufficient evidence to establish that the offense charged is of a serious and violent nature. *Walker* v. *State, supra.* We have further held that the circuit court is not required to give equal weight to each of the above-mentioned statutory criteria. *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991); *Walker* v. *State, supra.* Nor is the court required to make specific findings of fact in a juvenile transfer case. *Walker* v. *State, supra*; *Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986).

In this case, the circuit court not only reviewed the first degree murder information, but also heard the testimony of Pulaski County Deputy Sheriff Beadle, who testified that the victim had been shot in the left eye and in the back of the head, where a contact gunshot wound was visible. The court also heard testimony that Vickers did not have a prior criminal record; that he was both an average student and an average teenager; that he had attended church; and that he might be susceptible to rehabilitation.

■   In considering this testimony, the circuit court alluded to the seriousness and severity of the offense charged and to the manner in which it was carried out — the shot to the eye and the contact wound to the back of the head. He then denied the motion. This is sufficient to support a finding of clear and convincing evidence under Ark. Code Ann. § 9-27-318(e) (Supp. 1991). *See* *Walker* v. *State, supra.* We affirm the circuit court's ruling.

Affirmed.