Aryan SLAY *v.* STATE of Arkansas

91-338                                    832 S.W.2d 217

Supreme Court of Arkansas
Opinion delivered June 1, 1992

508

*Lingle & Corley*, by: *James G. Lingle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant brings this interlocutory appeal under Ark. Code Ann. § 9-27-318(h) (Supp. 1991) from the circuit court's denial of his motion to transfer two criminal charges to juvenile court.

Appellant, who is hearing impaired, was charged with having committed three criminal offenses. He was fifteen years old when he allegedly committed rape on October 10, 1989, and was sixteen years old when he allegedly committed second degree assault on November 13, 1989, and a second count of rape on December 1, 1989. On January 16, 1990, the state filed a petition in juvenile court to have appellant adjudicated a delinquent, but the petition specifically related only the facts bearing on the second degree assault charge. On June 19, 1990, appellant was adjudicated a delinquent by the juvenile court, and that court placed him on probation for one year and ordered him to continue with counseling services.

On October 24, 1990, the state charged appellant in circuit

court with the aforementioned rape counts, and appellant responded by moving to transfer these two offenses to the juvenile court that had ruled on appellant's assault charge. On April 15, 1991, the circuit court held a hearing on appellant's transfer motion, and later denied appellant's motion on August 9, 1991. In this appeal, appellant argues the trial court erred in refusing to transfer the two rape charges to juvenile court, and he also asserts the state is barred by res judicata and collateral estoppel from prosecuting appellant on these two offenses since the state should have pursued or filed those crimes against appellant before or at the time it filed its petition in juvenile court.

First, we dispose of appellant's res judicata and collateral estoppel argument because appellant never obtained a ruling on this issue. Nor does appellant offer any authority under which this court can decide such an issue in an interlocutory appeal even if appellant had properly preserved it on appeal. Thus, the only issue before us is the lower court's denial of appellant's transfer motion, which we can consider by interlocutory appeal under § 9-27-318(h). Therefore, we turn to that matter as the sole issue in this appeal.

The circuit court, in making its decision on whether to transfer a case to juvenile court, must consider the following requirements: (1) the seriousness of the offense and whether violence was employed by the juvenile in the commission of the offense, (2) whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts, and (3) the prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation. *Bright* v. *State*, 307 Ark. 250, 819 S.W.2d 7 (1991); Ark. Code Ann. § 9-27-318(e) (Repl. 1991). We have said that a trial court is not required to give equal weight to each factor, nor is the prosecutor required to introduce proof against the juvenile with regard to each factor. *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991). The standard of review in juvenile transfer cases is whether the trial judge's finding is clearly against the preponderance of the evidence. *Cobbins* v. *State*, 306 Ark. 447, 816 S.W.2d 571 (1991).

■ In denying appellant's transfer motion, the trial court found that (1) the appellant was charged with a very serious offense (rape) that involves violence, (2) he was confronted with two separate counts of rape against the same victim, a nineteen-year-old paraplegic female, and (3) he had been charged in juvenile court for aggressive and violent behavior, and other evidence was presented he committed acts of unwanted sexual indignities toward female students. The trial court conceded appellant had benefited from counseling he had received as a result of the juvenile court proceeding. However, the court further concluded that the appellant would be better handled in circuit court, considering the seriousness of the rape offenses and the repetitive pattern of the aggressive and violent behavior he displayed at school towards teachers and students, including unwanted sexual indignities to females. These acts occurred over an extended period of time, including before and after the dates of the alleged rapes and some occurred months after the state filed its delinquency petition. Clearly, the trial court gave considerable weight to the seriousness of the offenses with which appellant was charged and believed the offenses and appellant's aberrant sexual behaviour outweighed any favorable prospects for his rehabilitation. We cannot say the trial court was clearly wrong. *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991).

■ In so holding, we find no merit in appellant's additional argument that the state's approximate one-year delay in filing charges in circuit court deprived appellant from receiving meaningful consideration in juvenile court. The trial court voiced concern that appellant could only benefit or be "somewhat rehabilitated" from supervised counseling over an "extended period of time," but there is no indication the trial court would have transferred appellant's charges to juvenile court merely if appellant had been one year younger. In fact, the contrary result is indicated. In reviewing the trial court's findings, it is apparent the court, in making its decision, largely relied upon the serious nature of the offenses involved and appellant's repetitive pattern in committing aggressive sexual acts.

■ We also find no merit in appellant's other argument that, when the circuit court considered the seriousness of the offense and the violence employed by the juvenile in the commission of the offense mentioned in § 9-27-318(e)(1), the court was

required to find an element of violence that is separate from (or in addition to) the violence necessarily included when proving the offense of rape. The appellant cites *Cobbins* v. *State*, 306 Ark. 447, 816 S.W.2d 571, and suggests that, in addition to the charge of rape against the defendant, the court in *Cobbins* also considered the additional violence manifested by the defendant, showing he struck the victim three times on her head with a claw hammer. Our decision in *Cobbins* cannot be read to require that an added element of violence must be shown under § 9-27-318(e)(1), and we believe it would be a perverted interpretation to construe that provision in such a manner.

In sum, rape, as defined, is a violent offense, and such a charge is sufficient to meet the requirements set out in § 9-27-318(e)(1). *See* Ark. Code Ann. §§ 5-14-103(a) and 5-14-101(2) (1987). The state's affidavit for the warrant of arrest, supporting the rape charges against appellant, alleges the appellant dumped the victim from her wheelchair, took off her clothes and forcibly performed sexual intercourse. Such allegations certainly satisfy the dictates of § 9-27-318(e)(1).

Because we find the trial court's findings are not clearly erroneous, we affirm.