Joseph WICKER v. STATE of Arkansas

92-245                                          839 S.W.2d 186

Supreme Court of Arkansas
Opinion delivered October 12, 1992

*Riffel, King, & Smith*, by: *Kirby Riffel*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Joseph Wicker, appellant, stands charged in circuit court with taking part in the gang rape of a thirteen-year-old girl. Appellant was born on August 30, 1973, and the alleged crime took place on August 4, 1990; thus, he was sixteen years and eleven months old at the time of the alleged crime. He filed a motion to transfer the case to juvenile court, *see* Ark. Code Ann. § 9-27-318(d) (Supp. 1991), but the trial court refused to transfer the case. He then filed this interlocutory appeal pursuant to Ark. Code Ann. § 9-27-318(h) (Supp. 1991). We affirm the ruling of the trial court.

■■ The factors to be considered in deciding whether to transfer a case to juvenile court are the seriousness of the alleged offense, whether violence was allegedly used, and whether the alleged offense is part of a pattern of adjudicated offenses, along with the prior history, character traits, mental maturity, and any other factors that reflect upon the juvenile's prospects for rehabilitation. Ark. Code Ann. § 9-27-318(f) (Supp. 1991). In making its decision, the trial court is not required to give equal weight to each of the factors listed above. *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991). In this case, the primary factor was obviously the seriousness of the alleged crime and its violent nature. The proof on the motion to transfer, when we view it most favorably to the appellee as we must do, shows a thirteen-year-old girl being held down while appellant and another sixteen-year-old boy committed the crime of rape against her to the cheers of onlookers. Such a charge is very serious, and the alleged crime is of an extremely violent nature. In addition, appellant is now past his eighteenth birthday and can no longer be committed to a youth services center. *See Bright* v. *State*, 307 Ark. 250, 819 S.W.2d 7 (1991) and Ark. Code Ann. §§ 9-27-331(a) (1), 9-28-

209(a)(1) (Supp. 1991). In view of these factors, we have no hesitancy in affirming the trial court's ruling that appellant should stand trial as an adult.

Affirmed.