Jeremiah HOLLAND *v.* STATE of Arkansas

92-804 844 S.W.2d 943

Supreme Court of Arkansas
Opinion delivered January 19, 1993

*Karen R. Baker,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Teena L. White,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Jeremiah Holland, the appellant, is charged with first degree murder in Searcy County Circuit Court. His motion to transfer to Juvenile Court was denied, and he has brought this interlocutory appeal. Holland argues the evidence he presented with respect to his mental immaturity and his prospects for rehabilitation in the juvenile system, as opposed to what he would face if convicted as an adult, warranted the transfer. We affirm the Trial Court's decision not to transfer the case.

Holland was charged in Searcy County Circuit Court with killing his ten-year-old cousin, Sheera Fruitt. The Trial Court was presented with evidence that Fruitt was strangled with an electrical cord, and her body, which was weighted with large rocks, was recovered from a pond near the home where she lived with her mother and Holland.

At a hearing on the transfer motion the Trial Court was presented with two psychiatric reports from the State Hospital indicating Holland suffered from a conduct disorder and alcohol abuse. A clinical psychologist who examined Holland testified that his mental maturity was less than his chronological age, which was 17 at the time of the examination (16 at the time the offense was committed), and that while Holland's intelligence was normal, he did not function normally in social situations. The psychologist also testified Holland's prospects for rehabilitation were better in the juvenile system. The State introduced no evidence but asked the Court to take judicial notice of the psychological reports and the facts and circumstances surrounding the offense charged. The Trial Court denied the motion without stating reasons.

Arkansas Code Ann. § 9-27-318(e) (Repl. 1991) sets out the guidelines for determining when an offense should be transferred from Circuit to Juvenile Court, and it provides:

> In making the decision to retain jurisdiction or to

transfer the case, the court shall consider the following factors: (1) the seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense; (2) whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and (3) the prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

*Cobbins* v. *State*, 306 Ark. 447, 816 S.W.2d 161 (1991).

 Subsection (f) of the statute requires a "finding by clear and convincing evidence that a juvenile should be tried as an adult." We have, however, recognized that the serious and violent nature of an offense is a sufficient basis for trying a juvenile as an adult. *Wicker* v. *State*, 310 Ark. 580, 839 S.W.2d 186 (1992); *Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992); *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991). While the record does not demonstrate the consideration given by the Trial Court to the evidence Holland presented, we have held there is no requirement that every element mentioned in the statute be given equal weight. *See, e.g., Cobbins* v. *State, supra; Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991). In view of the most serious and violent nature of the offense charged in this case, we cannot say the Circuit Court's decision to retain jurisdiction was clearly erroneous or clearly against the preponderance of the evidence. *See Bradley* v. *State*, 306 Ark. 621, 816 S.W.2d 605 (1991).

Affirmed.