Billy Wayne RHOADES *v.* STATE of Arkansas

92-1217 869 S.W.2d 698

Supreme Court of Arkansas
Opinion delivered January 31, 1994
[Supplemental Opinion on Denial of Rehearing
March 14, 1994.*]

*Corbin, J., not participating.

*Thomas D. Deen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On December 13, 1991, the appellant, Billy Wayne Rhoades, was arrested on a circuit court felony bench warrant for burglary, theft, and forgery. At the time of his arrest, Rhoades was sixteen years of age. He was jailed and later transported that same day to the sheriff's office for questioning where he was read his *Miranda* rights. Prior to interrogation, Rhoades executed a juvenile rights form which was witnessed by the deputy, Norman Cornish, and an individual acting as a juvenile intake officer, Sandi Daugherty.[1] Additionally, Cornish contacted Rhoades' mother by phone, and the mother indicated she could not come to the jail until she got off work at 4:00 p.m. Nonetheless, the mother gave her oral consent for Rhoades to be questioned. Rhoades then was interrogated and gave inculpatory statements. Rhoades' mother arrived at the jail shortly after 4:00 p.m., and was told that Rhoades had been questioned and he had confessed. On December 16, Rhoades was released on bond.

On January 13, 1992, Rhoades made his first appearance before the Bradley County Circuit Court, at which time counsel was appointed, and Rhoades was scheduled for plea and arraignment on February 28. However, on January 14, an order of transfer from circuit to juvenile court was entered, and on February

---

[1] The exact status of this individual is not clear.

3, the prosecutor filed a petition in the juvenile division of chancery court to have Rhoades adjudicated a delinquent based on acts allegedly committed in a different case and which were later dismissed. The petition was amended on February 20, to include the acts committed in this case. At an April 3 hearing, the juvenile court denied Rhoades' motion to suppress his confession, and then it adjudicated Rhoades a delinquent, finding he had committed theft of property in excess of $200 and forgery. The court committed Rhoades to the Division of Youth Services. Rhoades appeals from the court's judgment, and for his sole point for reversal, argues the trial court erred in denying his motion to suppress his inculpatory, custodial statements.

Rhoades' argument is based upon the state's failure to comply with certain provisions of the Arkansas Juvenile Code after Rhoades was taken into custody pursuant to a warrant. For example, Ark. Code Ann. § 9-27-313(b) (Repl. 1993) provides in these circumstances, the officer taking the juvenile into custody must immediately take the juvenile before the court out of which the warrant was issued, and the court shall decide whether jurisdiction is in juvenile court or circuit court under § 9-27-318. The state did not comply with these procedural requirements. The Code also requires that, in delinquency and families in need of services cases, a juvenile *and* his parent, guardian, or custodian shall be advised (1) by the law enforcement official taking the juvenile into custody, (2) by the intake officer at the initial intake interview, and (3) by the court at the juvenile's first appearance before the court that the juvenile has the right to be represented at all stages of the proceedings by counsel. Ark. Code Ann. § 9-27-316 (Repl. 1993). And § 9-27-317 sets out the procedures required when obtaining a juvenile's waiver of the right to counsel which include the written and signed agreement by the juvenile and his parent, guardian, or custodian. *See particularly* § 9-27-317(b), (c) and (f). Again, the state in this case indisputably failed to comply fully with these right-to-counsel and waiver provisions, and Rhoades urges that the state's failures to meet these Code requirements precluded it from extracting Rhoades' confession and introducing it at trial.

The state responds by claiming that the Juvenile Code provisions relied upon by Rhoades are inapplicable because Rhoades was charged in circuit court with a felony as an adult, not in

juvenile court as a delinquent juvenile. Consistent with the state's argument here, we recently held in *Boyd* v. *State*, 313 Ark. 171, 853 S.W.2d 263 (1993), that the Juvenile Code and its provisions refer only to proceedings in juvenile court. This court further concluded that, when the prosecutor chooses to prosecute a juvenile in circuit court as an adult, the juvenile becomes subject to the procedures and penalties prescribed for adults. Accordingly, the state suggests here that, since Rhoades' constitutional rights as an adult were met when the officers interviewed and obtained his confession, the trial court was correct in allowing Rhoades' confession into evidence even though the officers' actions failed to comply with Juvenile Code provisions.

■■ The state and Rhoades are both correct at least up to a point. As we stated in *Boyd*, the Juvenile Code provides that, when a case involves a juvenile sixteen years old or older, and the alleged act would constitute a felony if committed by an adult, the prosecuting attorney has the discretion to file a petition in juvenile court alleging delinquency, or to file charges in circuit court and to prosecute as an adult. 313 Ark. at 172, 853 S.W.2d at 264. However, felony charges in circuit court are required to be brought by indictment or information. *Lowell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984); *see also* Ark. Const. art. 2, § 8, and Ark. const. Amend. 21. In the present case, Rhoades was arrested on a circuit court felony bench warrant, but neither the abstract nor transcript shows a copy of an indictment or information setting out the felony offenses with which Rhoades was charged.[2] As we mentioned earlier, the record reflects only that, on February 3, 1992, the state filed a petition in the juvenile division of chancery court to adjudicate Rhoades a juvenile delinquent.

In sum, our review of the record reveals Rhoades had not been charged with a felony in circuit court as an adult when the law officers interrogated him and gained his confession. Thus,

---

[2]The bench warrant does reflect in its top margin the typed words, "Information NO. CR" and the numbers "91-122-2 A and B" handwritten in. To confuse matters further, the term "indictment" is mentioned in the warrant. Of course, an information or indictment is unnecessary to issue a warrant, and unlike the dissenting opinion, the court is unwilling to speculate that a charging instrument was actually filed in this matter, especially since an information or indictment fails to appear either in the abstract or the transcript.

under the circumstances presented, the Juvenile Code was indeed applicable at the time Rhoades gave his statement, and his statement was therefore inadmissible at trial because the law enforcement officer's conduct failed to comport with required Juvenile Code procedures when they obtained Rhoades' confession.

For the reasons set out above, we reverse and dismiss.

HOLT, C.J., dissents.

JACK HOLT, Chief Justice, dissenting. I would like to join the majority opinion because of its desired results; however, I note, in examining the transcript of trial, that the records reflect that Rhoades was charged as a result of an information or indictment with a felony in circuit court, and for this reason we cannot afford to him the protection provided by the Arkansas Juvenile Code with reference to the taking of his statement without the required waivers from his parent, guardian, custodian, or like figure.

The majority, in its opinion, circumvents this issue by stating that Rhoades was arrested on a circuit court felony bench warrant, but neither the abstract nor the transcript shows a copy of an indictment or information setting out the felony offenses for which Rhoades was charged. Granted, the abstract does not reflect these two instruments; however, we may go to the record to affirm. *Haynes* v. *State*, 314 Ark. 354, 862 S.W.2d 275 (1993). In doing so, I note that the record contains a bench warrant which clearly reflects on its face that it was issued as a result of an indictment charging Rhoades with the offense of burglary and theft of property and forgery in circuit court.

In further examining the transcript of the proceedings of the trial court, I find that one of the circuit judges of the district filed an instrument identified as "Probable Cause Finding and Authorization for Arrest Warrant", which document contained a typed notation reading "Information No. CR-91-122-2 A and B." The instrument was dated December 12, 1991, and, after it was filed, a bench warrant was issued by the clerk of the court on the same date. That document recited that appellant Rhoades was to appear in circuit court to answer an *indictment* in that court for the offenses of burglary, theft of property, and forgery.

Although there is ambiguity concerning the notation of an "information" number on the authorization for arrest warrant and the term "indictment" found in the warrant, the fact still remains that the clerk of the court formally issued a bench warrant to arrest Rhoades to answer an "indictment," and we must accept the bench warrant — as it appears in the transcript — as properly issued unless the record reflects otherwise.

For these reasons, I can only conclude that Mr. Rhoades was arrested by a bench warrant which was predicated upon an indictment which charges him with a felony in circuit court. To hold otherwise, we would have to assume that the clerk utilized the wrong form in issuing a bench warrant or was mistaken in her action. This we should not do!

This being the case, we should invoke the provisions of the Arkansas Rules of Criminal Procedure as applied to circuit courts rather than interpose the protective shield of the Arkansas Juvenile Code.

I respectfully dissent.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
## MARCH 14, 1994

875 S.W.2d 814

Petition for Rehearing denied.

*Thomas D. Deen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The state files its petition suggesting

that our decision and opinion rendered on January 31, 1994 in this cause overruled this court's earlier holding in *Boyd* v. *State*, 313 Ark. 171, 853 S.W.2d 263 (1993). In particular, the state points to this court's concluding paragraph of its opinion.

██ In *Boyd*, we held that, when the prosecutor chooses to prosecute a juvenile in circuit court as an adult, the juvenile becomes subject to the procedures and penalties prescribed for adults. There, the state filed charges against juvenile-Boyd in circuit court, so accordingly, we rejected Boyd's argument that the waiver of right to counsel provisions of the Juvenile Code applied. As we stated, Boyd was never prosecuted as a delinquent in the juvenile division of juvenile court.

In the present case and unlike in *Boyd*, the state chose to file its petition in juvenile court to adjudicate juvenile-Rhoades as a delinquent. As a consequence, we concluded that the Juvenile Code provisions were applicable.[1] For these reasons, we reject the state's contention that the holding in *Boyd* has been overruled. Therefore, we deny its petition for rehearing.

---

[1]The wording in the court's concluding paragraph of its earlier opinion actually states that "the Juvenile Code was indeed applicable at the time Rhoades gave his statement." This sentence is poorly written since the point we intend to make is that, when the state chooses to file its petition in juvenile court, the Juvenile Code provisions control. *See also* Justice Newbern's dissent in *Boyd*, 313 Ark. at 174, 853 S.W.2d at 265. This supplemental opinion hopefully clarifies this point.