STATE of Arkansas *v.* PULASKI COUNTY CIRCUIT-CHANCERY COURT

93-948                                                      872 S.W.2d 854

Supreme Court of Arkansas
Opinion delivered March 28, 1994
[Rehearing denied May 2, 1994.]

474

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for petitioner.

*Gattis & Greene, P.A., Omar F. Greene, II, P.A.* and *Warford & Broaddrick, P.A.*, by: *Lloyd Warford*, for respondent.

TOM GLAZE, Justice. According to findings set out in a Little Rock Municipal Court order dated August 19, 1993, Eric Walter, seventeen years of age, was detained in jail based on "felony charges filed in that court." Walter had been arrested on July 25, 1993, and had been "charged" as an adult in Little Rock Municipal Court with two counts of aggravated robbery and two counts of attempted capital murder. By its August 19 order, the municipal court denied Walter's request to transfer his case to juvenile court, stating municipal court had no authority to do so under Ark. Code Ann. § 9-27-318 (Repl. 1993).

After the Little Rock Municipal Court's order was entered, Walter's counsel filed a petition for writ of habeas corpus and for injunctive relief in Pulaski County Chancery Court, and after a hearing, the chancellor ordered Walter's release, stating the municipal court lacked jurisdiction to order his detention.[1] The chancellor further enjoined the prosecuting attorney from "charging any juvenile as an adult in any municipal court in the 6th District." In its order, the chancery court also found that, by the time it had issued its order, the prosecuting attorney had filed Walter's felony charges in circuit court, but even so, the court concluded

---

[1]The chancery court actually entered an order dated August 25, 1993, and an amended order dated September 14, 1993, which were essentially identical.

Walter's chancery case was not moot, since the issues involved were capable of recurrence. The state filed no appeal from the chancery court's order. Instead, it chose to file with this court the state's petition for writ of prohibition against the chancery court, asking us to bar that court from enforcing that part of the chancery court's order enjoining the prosecuting attorney from filing felony criminal charges in municipal courts against juveniles who are to be tried as adults in circuit court. We granted the state a temporary stay of the chancellor's order and requested the parties to file briefs.

The state frames the issues before us, by contending that the chancery court erred in holding municipal courts have no jurisdiction whatsoever over juveniles accused by the state of having committed felony criminal offenses. It further contends the chancery court had no jurisdiction to enter a continuing injunction against the prosecuting attorney, barring him from charging juvenile defendants in municipal courts with having committed felony criminal offenses. We initially note that the state's general usage of terms such as "accused," "charge" and "charging" without defining them or placing them in specific context, tends to cloud what happened in this case or what the state actually seeks to prohibit.

Recently, we made it very clear in *Rhoades* v. *State*, 315 Ark. 658, 869 S.W.2d 698 (1994), *rehearing denied*, (Supp. Opinion delivered on March 14, 1994), that the Juvenile Code provides that, when a case involves a juvenile sixteen years or older, and the alleged act would constitute a felony if committed by an adult, the prosecuting attorney has the discretion to file a petition in juvenile court alleging delinquency, or to file charges in circuit court and to prosecute as an adult. In *Rhoades*, we also referred to the well-settled law that felony charges in circuit court are required to be brought by indictment or information. Furthermore, this court in *Long* v. *State*, 284 Ark. 21, 680 S.W.2d 686 (1984), held that municipal courts are without jurisdiction to try felony cases. And finally, we have made it clear that, under Ark. Code Ann. § 9-27-313(b) (Repl. 1993), an officer taking a juvenile into custody must immediately take the juvenile before the court out of which the warrant was issued and that court shall decide whether jurisdiction is in juvenile court or circuit court under § 9-27-318. *Rhoades*, 315 Ark. at 660, 869 S.W.2d at 699.

While we think most of the parties' arguments made here are sufficiently answered by a reading and understanding of these earlier decisions, we are unable to address the state's arguments more fully, since we hold prohibition does not lie in this case. First, we are unable from the record before us to tell whether Walter was arrested pursuant to an arrest warrant, an arrest without a warrant made under ARCP Rule 4.1 and Ark. Code Ann. § 9-27-313 (Repl. 1993), or whether charges were actually filed in the Little Rock Municipal Court as was specifically stated in that court's order. Obviously, this factual issue is relevant for us to know before being able to determine what role the municipal court performed in this matter. As pointed out, felony charges (information or indictment) must be filed and tried in circuit, not municipal, courts.

As this court has said repeatedly, a writ of prohibition is an extraordinary writ and is only granted when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *Miller* v. *Loftin*, 279 Ark. 461, 652 S.W.2d 627 (1983). In the present case, the chancery court would have had authority to grant Walter relief by writ of habeas corpus if the state had actually filed its charges by felony information or indictment against Walter in municipal court. By the same token, the chancery court may have otherwise lacked such power in other instances. However, it is impossible to determine from the record before us whether Walter was before the municipal court as a result of a reasonable cause arrest or perhaps, as a result of an arrest warrant. Regardless, the municipal court, even in these custody and arrest circumstances, must determine if the nature of the alleged crime is a felony so an appropriate charge or petition can be filed in circuit or chancery court as discussed above.

In sum, this court in *Miller* held that such a writ is a narrow, extraordinary writ which should not be granted even if part of the order is beyond the jurisdiction of the judge, since those questions can be properly raised on appeal. *Miller*, 279 Ark. at 463, 652 S.W.2d at 628. From the record before us, the chancery court appears to have had authority to issue relief in this matter even though under some circumstances (left undefined here) it might have acted beyond its jurisdiction. As pointed out earlier, the state did not appeal the chancery court's order even though

to have done so would certainly have afforded the state no harm, especially since it subsequently chose to file its felony charges against Walter in circuit court, rendering his case moot.

For the reasons given, we must deny the petition for writ of prohibition.

CORBIN, J., not participating.