Christopher BECK *v.* STATE of Arkansas

CR 94-103 876 S.W.2d 561

Supreme Court of Arkansas
Opinion delivered May 31, 1994

*Hough & Hough, P.A.*, by: *Robert E. Hough, Jr.*, for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This is an interlocutory appeal from an order of the Sebastian County Circuit Court denying a motion to transfer to juvenile court charges filed against the minor appellant-defendant, Christopher Beck, who is charged with the Class Y felony of having knowingly discharged a firearm from a vehicle and caused serious bodily injury. Two points have been raised for reversal: (1) whether Ark. Code Ann. § 9-27-318(c) (Repl. 1993) — which grants the prosecuting attorney, when a case involves a juvenile sixteen years of age or older at the time of the commission of a felony offense, "discretion to file a petition in juvenile court alleging delinquency or to file charges in circuit court and to prosecute as an adult" — violates federal and state constitutional guarantees of due process and equal protection; and (2) whether the circuit court's denial of the motion to transfer was clearly erroneous. Neither issue has merit, and we affirm the decision of the circuit court.

## Facts

The appellant, Christopher Beck, was charged by information on October 25, 1993, with the crime of knowingly discharging a firearm from a vehicle and causing serious physical injury in violation of Ark. Code Ann. § 5-74-107 (Repl. 1993). The victim of the drive-by shooting, Kenyatta Williams, a fourteen-year-old, was wounded in the neck. He sustained injury to the spinal cord which left him paralyzed. A quadraplegic, Kenyatta has lost control of his limbs and bodily functions from the neck down and hence is unable to care for himself.

Beck had originally been arrested and charged with battery on October 22, 1993. He was brought before a municipal judge on October 23, 1993. Bail was set at $125,000. By direct filing of a felony information on October 25, 1993, the prosecuting attorney charged Beck with unlawfully discharging a firearm from a vehicle and causing serious physical injury to Kenyatta Williams. On October 27, 1993, Beck pleaded not guilty and filed a motion to transfer his case to juvenile court.

A hearing was set for December 8, 1993, but prior to that date, Beck requested that the court determine whether Ark. Code

Ann. § 9-27-318(e) was unconstitutionally violative of due process and equal protection guarantees. At the conclusion of the December 8 hearing, the circuit court declined to issue a ruling on either the transfer or the constitutional question but instead allowed the parties ten days in which to present briefs and argument in that regard.

Following a motion to reopen the hearing by the state on December 13, 1993, to which Beck objected, the circuit court held a further hearing on December 17, 1993. The prosecution was allowed to present more witnesses and to play a videotape representing the victim's condition. Thereafter, the circuit court ruled that the statute was constitutional and denied the transfer motion. A notice of interlocutory appeal was filed on January 4, 1994.

## I. Constitutional challenge

Interlocutory appeals come within this court's purview pursuant to Rule 1-2(a)(12) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas. Under Ark. Code Ann. § 9-27-318(h) (Repl. 1993), "Any party may appeal from an order granting or denying the transfer of a case from one court to another court having jurisdiction over the [juvenile] matter."

Given the interlocutory character of this appeal, we would not, under ordinary circumstances, consider the constitutional challenge to Ark. Code Ann. § 9-27-318(e). For instance, in another juvenile transfer case, we declined to address an argument based on res judicata and collateral estoppel partly because no ruling had been obtained below and, in addition, because no authority had been cited under which the issue could have been decided on interlocutory appeal even had the point been properly preserved. *Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992).

Here, however, the situation is different. The constitutional question was fully briefed at both the circuit court level and on appeal, and the circuit court specifically found the transfer statute constitutional.

Beck attacks, in particular, the constitutionality of Ark. Code Ann. § 9-27-318(c) on the grounds that the statute violates the due process and equal protection clauses of both the

United States and Arkansas Constitutions. The statutory section in question provides:

> When a case involves a juvenile age sixteen (16) years or above at the time the alleged delinquent act occurred and the alleged act would constitute a felony if committed by an adult, the prosecuting attorney has the discretion to file a petition in juvenile court alleging delinquency or to file charges in circuit court and to prosecute as an adult.

Ark. Code Ann. § 9-27-318(c) (Repl. 1993). Beck asserts that the right to confidentiality afforded juveniles prosecuted under the Juvenile Code is denied to those charged as adults. He further claims that the statute elsewhere arbitrarily sub-classifies juveniles according to different age categories and that the legislature's decision not to protect the identity of juveniles charged with particular crimes is arbitrary and irrational and thus a denial of equal protection. In addition, he claims that he is denied due process because Ark. Code Ann. § 9-27-318(c) allows the prosecutor to deprive him of the confidentiality provided by the Juvenile Code without offering him the opportunity to be heard.

■ All legislation is presumed to be constitutionally valid, and all doubt is resolved in favor of constitutionality. *Snyder* v. *Martin*, 305 Ark. 128, 806 S.W.2d 358 (1991); *Duhon* v. *State*, 299 Ark. 503, 774 S.W.2d 830 (1989). A party challenging a statute must bear the burden of proving it unconstitutional. *Carney* v. *State*, 305 Ark. 431, 808 S.W.2d 755 (1991); *Duhon* v. *State, supra; Holland* v. *Willis*, 293 Ark. 518, 739 S.W.2d 529 (1987). We are not convinced by the arguments, authorities, or theories advanced by Beck that Ark. Code Ann. § 9-27-318(c) is unconstitutional.

### a. Equal protection

■■ We have previously held that if a classification exists in an Arkansas statute and that classification has a rational basis and is neither unreasonable nor arbitrary, the statute will not be struck down on equal protection grounds. *Carney* v. *State, supra.* In *Carney*, where we rejected an equal protection claim that a statute was unconstitutional in providing for the suspension of driver's licenses of persons under eighteen years of age who were convicted of drug- or alcohol-related offenses (while those older

were not affected), we noted that the state's authority to supervise the conduct of children is broader than its power over similar actions by adults. Thus, we found the drawing of the penalty line at age eighteen neither irrational nor arbitrary.

■ Similarly, in the present case, the decision of the legislature to vest prosecuting attorneys with the discretion to bring felony charges against sixteen-year-olds in circuit courts is neither arbitrary nor irrational. The well-documented rise in the violent crime rate among juveniles in recent years clearly prompted the legislature to make the option of trying sixteen-year-olds as adults available to the state. Indeed, Act 1189 of 1993, § 1, declares that:

> The General Assembly of the State of Arkansas finds that the State of Arkansas is experiencing an increase in violent crime committed by school age juveniles and the growth of street gangs made up largely of school age juveniles.

*See*, for an analogous statement of intent, the language quoted from the emergency clause appended to Act 793 of 1981 in *Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986). Simply put, Beck has failed to demonstrate why these conclusions by the legislature are irrational or arbitrary.

### b. Due process

■■ As for Beck's contention that he is deprived of due process through the deprivation of his right to confidentiality under the Juvenile Code, it should be noted that the Juvenile Code itself explicitly exempts from the guarantee of confidentiality those instances when "[t]he arrest or the proceedings under this subchapter result in the juvenile being formally charged in circuit court for a felony." Ark. Code Ann. § 9-27-352(a)(2) (Repl. 1993). A pre-deprivation hearing, to which Beck insists he is entitled, is unnecessary in view of the governmental interest outlined above. *See Mathews* v. *Eldridge*, 424 U.S. 319 (1976).

■ Beck also challenges the constitutionality of Ark. Code Ann. § 9-27-318(c) as applied, asserting that it gives prosecutors "unbridled discretion" and usurps the deliberative function of the court provided for elsewhere in the same statute. Apart,

however, from a vague reference to other "cases cited, *infra*," Beck supplies no citation of authority to support his speculative argument. We do not consider such deficient contentions on appeal. *Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992).

## II. Circuit court's decision

For his second point for reversal, Beck advances the claim that the circuit court's decision to deny the motion to transfer was clearly erroneous because all of the evidence clearly and convincingly showed that the case should be transferred to juvenile court. This argument is divided into two sub-points.

### a. Additional hearing

Beck contends that the trial court abused its discretion by granting the prosecutor's motion to hold an additional hearing on the motion to transfer and by admitting various items into evidence at that hearing. We hold that that circuit court's actions did not constitute an abuse of discretion.

During the first transfer hearing, on December 8, 1993, the state presented the testimony of one witness and introduced into evidence one letter. Both related to the physical condition of Kenyatta Williams, the victim of the drive-by shooting. Beck, on the other hand, offered the testimony of several witnesses dealing with his character and prospects for rehabilitation. At the conclusion of the hearing, the court postponed ruling upon the motion to transfer and the constitutional challenge, allowing the parties ten days in which to submit briefs.

On December 13, 1993, the state filed a motion to reopen the hearing, noting that, while the victim had been unable to testify at the December 8 hearing because of his physical condition and the need to remain in Little Rock for treatment, his family had made a videotape depicting his condition. Citing the videotape's relevance to the motion to transfer, the state requested its admission into evidence. In an order filed on December 16, 1993, the circuit court granted the state's motion to reopen the hearing, stating specifically:

> The Court wishes to have all pertinent information available prior to making its decision in this case. The Court in its discretion believes that further testimony at this time

would not prejudice either party, but would aid the Court in making the decision required.

Both parties were given the opportunity to introduce additional testimony.

At the second hearing, held on the following day, December 17, 1993, the defense renewed its objection to the granting of the motion to reopen, arguing that the Arkansas Rules of Civil Procedure governed and that none of the criteria for allowing a new trial under Rule 59 had been met. Further, the defense objected to the state having been given a "second bite at the apple" when it already had adequate time to prepare for and present evidence at the initial hearing. The circuit court overruled the objection.

Subsequently, the defense objected to the admission of the videotape on hearsay, relevancy, and confrontation grounds. The circuit court permitted the defense attorney to voir dire Garnette Bell, the victim's mother, regarding the recording of the videotape. When Ms. Bell testified that the videotape had been made on Sunday, December 12, 1993, the defense objected that the videotape "didn't even exist prior to the [December 8] hearing" and had been "manufactured exclusively and purely for this hearing." The defense further objected to the state's "attempt to sensationalize these proceedings" with after-acquired, hearsay evidence that was "not reliable and more prejudicial than probative." The circuit court, in admitting the videotape into evidence, explained that "to memorialize certain events after something has happened . . . is not manufacturing, it's just getting ready for trial, getting ready for whatever is going to happen in this case."

 Beck cites no authority, apart from a broad, passing allusion to the "rules of criminal procedure, the rules of civil procedure, and the rules of evidence" for his contention that the circuit court abused its discretion in granting the motion to reopen the hearing. We reiterate that we do not consider unsupported arguments on appeal. *Tisdale* v. *State, supra.*

 Rule 59 of the Arkansas Rules of Civil Procedure, to which Beck referred at the second hearing, deals with new trials. It goes without saying that a reopened hearing is not a new trial. In the context of criminal trials, however, we have repeat-

edly held that the reopening of the case-in-chief for the taking of additional evidence is a matter committed to the discretion of the trial court and that we will not reverse the decision in the absence of an abuse of discretion. *Sanders* v. *State*, 310 Ark. 510, 838 S.W.2d 359 (1992); *Cameron* v. *State*, 278 Ark. 357, 645 S.W.2d 943 (1983); *Williams* v. *State*, 262 Ark. 219, 555 S.W.2d 231 (1977). *See also Holloway* v. *State*, 312 Ark. 306, 849 S.W.2d 473 (1993). The principle is also well established in civil cases. *See, e.g., Midwest Lime Co.* v. *Independence Chancery Court*, 261 Ark. 695, 551 S.W.2d 537 (1977). The same principle should apply in this situation, as well.

■ With respect to the admission of the videotape showing Kenyatta Williams's physical condition, Beck relies on Ark. R. Evid. 804(a)(5) for his contention that the trial court abused its discretion. That hearsay exception defines "unavailability as a witness" to include a situation in which the declarant:

> Is absent from the hearing and the proponent of his statement has been unable to procure his attendance . . . by process or other reasonable means. . . .

According to Beck, there was no showing of a good-faith effort on the part of the state to procure the victim's testimony. *See Register* v. *State*, 313 Ark. 426, 855 S.W.2d 320 (1993). The record, however, indicates that Kenyatta Williams was paralyzed from the neck down and incapabale of moving his legs or controlling the movement of his arms. At the time of the hearing, he had a blood clot in his left leg and was being treated at Arkansas Children's Hospital in Little Rock. The rule of evidence cited by Beck is inapplicable under the circumstances.

■ In addition, Beck argues that the circuit court improperly considered the information in reaching its decision because the prosecutor did not request that judicial notice be taken of the document. The case on which he relies, *Pascall* v. *Smith*, 263 Ark. 428, 569 S.W.2d 89 (1978), which involves judicial notice taken by the Supreme Court of Arkansas, has no bearing whatsoever on the present matter. The information was available to the circuit court in the case file, and the circuit court took judicial notice of it in accord with Ark. R. Evid. 201(c), which provides that "A court may take judicial notice, whether requested or not."

### b. Denial of motion to transfer

The standard of review in juvenile tranfer cases is whether the circuit court's denial of a motion for transfer is clearly erroneous. *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991). Beck urges that the circuit court's denial of the motion to transfer was clearly erroneous. He contends that the state presented no credible, properly admitted evidence, that the trial court erred at the hearing on December 8, 1993, in admitting a letter from Arkansas Children's Hospital detailing the victim's condition, and that the information alone is insufficient to justify the circuit court's decision.

The circuit court did not rely on the letter from the hospital in denying Beck's motion. Hence, any error on the court's part in admitting it was harmless.

Under Ark. Code Ann. § 9-27-318(e) (Repl. 1993):

In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Contrary to Beck's assertion that the only factor considered by the circuit court was the seriousness of the offense, based on the information charging a Class Y felony, the court had before it evidence of the accused's rehabilitative prospects, prior history, character traits, and mental maturity offered by witnesses for the defense.

In any event, we have held that there is no requirement that every element mentioned in the statute be given equal weight. *Holland* v. *State*, 311 Ark. 494, 844 S.W.2d 943 (1993); *Cobbins* v. *State*, 306 Ark. 447, 816 S.W.2d 161 (1991). Moreover, the serious and violent nature of an offense is a sufficient basis for trying a juvenile as an adult. *Holland* v. *State, supra; Wicker* v. *State*, 310 Ark. 580, 839 S.W.2d 186 (1992). Indeed, we have held that a criminal information, on its own, is sufficient to establish that the offense charged is of a serious and violent nature. *Vickers* v. *State, supra; Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991).

Although the circuit court is not obliged to make specific findings of fact in a juvenile transfer case, *Vickers* v. *State, supra*, the circuit court in the present case rightly reviewed all the factors enumerated in the Code and found that the seriousness of the offense and the violence employed outweighed the other two factors. The circuit court stated that the evidence presented by the defense on the second and third factors was "not convincing." In its formal order denying the motion to transfer, that "in and of itself, the Information filed by the State justifies by a clear and convincing evidence standard that the case should be retained in this Court." Further, the circuit court found that "[e]ither the testimony of the victim's family or the video tape standing alone is more than sufficient to prove the element required in Section 9-27-318(e)(1)." In short, the circuit court carefully considered all the factors required by the Code before making its finding.

We cannot say that the trial court's denial of the motion to transfer was clearly erroneous.

Affirmed.