Alan RING, Jr. *v.* STATE of Arkansas

94-1083                                                894 S.W.2d 944

Supreme Court of Arkansas
Opinion delivered March 27, 1995

*John H. Bradley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Alan Ring, Jr., brings this interlocutory appeal under Ark. Code Ann. § 9-27-318(h)

(Repl. 1993), from the Mississippi County Circuit Court's order denying his motion to transfer one count of rape to juvenile court. Jurisdiction of this interlocutory appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(12). We affirm the trial court's denial of the motion to transfer.

Appellant was fourteen years old and mildly mentally retarded when he was accused of raping a six-year-old girl in the men's restroom of the Wal-Mart store in Osceola, Arkansas, on October 2, 1993. The prosecuting attorney charged appellant in circuit court by felony information stating that appellant "did unlawfully, feloniously and knowingly, by forcible compulsion, engage in sexual intercourse with [the victim], not his spouse, who was less than fourteen (14) years old."

Appellant moved to transfer the rape charge to juvenile court. The circuit court held a hearing on the motion in which it heard testimony and received exhibits, and then entered an order denying the motion. Appellant asserts three arguments for reversal of the decision not to transfer; two of the points allege error in the admission of evidence at the hearing; the third is a challenge to the denial of the motion. We find all three assertions of error to be without merit.

First, appellant challenges the admission of a confession he gave at the Osceola Police Department. In the confession, appellant stated that he encountered the victim near the Barbie dolls in the toy department of the store. He stated that he told her he was a security guard and asked her to follow him, and that she followed him into the men's restroom where he made her bend over the toilet with her pants down and made contact with her rectum with his penis. He also stated that he told her to lie on her back on the floor while he laid on top of her and tried to enter her vagina with his penis.

Appellant made the foregoing statement to a police detective and a juvenile intake officer after signing a written waiver of his *Miranda* rights. However, appellant contends the confession was inadmissible at the transfer hearing because neither of his parents signed the written waiver of his right to counsel as is required by Ark. Code Ann. § 9-27-317(f) (Repl. 1993). Appellant had not yet been charged when he gave the confes-

sion. Thus, he relies on *Rhoades* v. *State*, 315 Ark. 658, 869 S.W.2d 698 (1994), and argues that section 9-27-317(f) applied to him and prevented admissibility of his confession at the transfer hearing.

Appellant's reliance on *Rhoades*, 315 Ark. 658, 869 S.W.2d 698, is misplaced. True, similar to appellant, Rhoades had not yet been charged in any court when he made his statement. Also similar to appellant, Rhoades was charged in circuit court. However, unlike appellant, Rhoades's case was transferred to juvenile court where he was ultimately adjudicated a delinquent. Thus, even though Rhoades had not yet been charged in circuit court when he gave the confession, because his offense was ultimately adjudicated in juvenile court, this court held that the Arkansas Juvenile Code applied to Rhoades at the time he gave his confession, such that the law enforcement officers' failure to comply with section 9-27-317 barred admission of Rhoades's confession at the adjudicatory hearing.

The state responds that *Boyd* v. *State*, 313 Ark. 171, 853 S.W.2d 263 (1993), rather than *Rhoades*, controls the present case. In *Boyd*, this court stated that when a prosecutor chooses to prosecute a juvenile in circuit court as an adult, the juvenile becomes subject to the procedures and penalties prescribed for adults. Thus, the state argues that when a juvenile is charged in circuit court, the requirement in section 9-27-317 that the juvenile's parents consent to the juvenile's waiver of right to counsel is not applicable.

The state's argument is correct. In *Boyd*, 313 Ark. 171, 853 S.W.2d 263, this court held that the Arkansas Juvenile Code does not refer to proceedings in circuit court, rather, only to proceedings in juvenile court. When *Rhoades* and *Boyd* are considered together and applied to the facts of this case,[1] they

---

[1]In applying *Rhoades* and *Boyd* to this case, we observe that, unlike this case, *Rhoades* and *Boyd* were appeals from denials of motions to suppress the admission of statements during the guilt phase of trial. Unlike the present case, neither *Rhoades* nor *Boyd* involved the admissibility of a custodial statement during a transfer hearing mandated by the Arkansas Juvenile Code. Further, we observe that neither party to this appeal has briefed the significance, if any, of such a distinction. The trial court, however, observed such a distinction when it specifically stated that it was admitting the confession solely for the limited purpose of the transfer hearing and that it was not ruling on a suppression issue. Thus, the trial court expressly reserved ruling on the

imply but one conclusion: since appellant was ultimately charged in circuit court and, upon this court's affirmance of the denial of his motion to transfer, will ultimately be tried there, the failure of the law enforcement officers to obtain the consent of appellant's parents to his waiver of right to counsel, as required by section 9-27-317, does not bar admission of appellant's confession. Appellant's first argument is therefore without merit.

However, even assuming *arguendo* that error occurred in admitting the confession at the transfer hearing, appellant cannot demonstrate any prejudice as a result. In denying the transfer motion, the trial court correctly cited *Holland* v. *State*, 311 Ark. 494, 844 S.W.2d 943 (1993), holding that the seriousness and violent nature of the offense alone is a sufficient factor to support a circuit court's retention of jurisdiction in a case involving a juvenile defendant. This court has stated repeatedly that the serious and violent nature of an offense can be determined solely from a criminal information. *See, e.g., Beck* v. *State*, 317 Ark. 154, 876 S.W.2d 561 (1994). Moreover, this court has repeatedly held that rape is by definition a serious and violent offense. *See, e.g., Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995). Thus, we have no hesitation in concluding the trial court based its decision on competent evidence, the felony information, and was not prejudiced or influenced by any possible error in the admission of the confession at this stage of the proceedings.

For his second assignment of error, appellant challenges the admission of testimony by the victim's mother concerning the effect the rape had on the six-year-old girl. The mother testified that after the rape, the child had a fear of entering any bathroom, that she wet her pants just to keep from going into a bathroom, that she initially feared her brother and father, that she had crying spells at school when watching safety films, and that she had severe nightmares that progressively worsened to the point she sought counseling for the victim. Appellant contends this evidence is not relevant to any of the factors in section 9-27-318(e), and therefore was inadmissible.

---

admissibility of the confession at trial as evidence of appellant's guilt. (*See Fare* v. *Michael C.*, 442 U.S. 707 (1979), *and Boyd*, 313 Ark. at 173, 853 S.W.2d at 265 for considerations required when determining the suppression of a juvenile's confession.)

■■ The state contends this evidence is relevant to the factor of the seriousness of the offense. In essence, the state contends the impact of the crime on the victim illustrates the crime was serious. We agree. Although the challenged testimony was wholly unnecessary given the sufficiency of the felony information to determine the seriousness of the offense, it was nevertheless relevant to that factor. For the same reasons expressed in the first point of this appeal, the testimony challenged here was clearly not prejudicial. Therefore, based on the argument presented, we cannot say the trial court abused its discretion in admitting the mother's testimony.

■ Third, appellant challenges the decision to deny the motion to transfer the rape charge to juvenile court. The circuit court, in deciding whether to transfer a case to juvenile court, must consider the following requirements: (1) the seriousness of the offense and whether the juvenile employed violence in the commission of the offense; (2) whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and (3) the prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation. Ark. Code Ann. § 9-27-318(e) (Repl. 1993); *Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992). As the party seeking the transfer, appellant had the burden of proof to show a transfer was warranted under section 9-27-318(e). *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993). In making its decision, the trial court is not required to give equal weight to each of the statutory factors. *Williams*, 313 Ark. 451, 856 S.W.2d 4; *Hogan* v. *State*, 311 Ark. 262, 843 S.W.2d 830 (1992). The serious and violent nature of an offense is a sufficient basis for trying a juvenile as an adult. *Beck*, 317 Ark. 154, 876 S.W.2d 561. If a trial court determines a juvenile should be tried in circuit court as an adult, its decision must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f); *Williams*, 313 Ark. 451, 856 S.W.2d 4. We do not reverse a circuit court's denial of a juvenile transfer unless we determine the denial was clearly erroneous. *Id.; Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991).

Appellant contends there was no evidence of violence in

this case, arguing there was no evidence the child was forced into the restroom, forced to remove her clothes, beaten, or threatened with a weapon. Appellant also contends that appellant's prospect for rehabilitation could not be determined because there had not yet been any attempts to rehabilitate him.

Ruling from the bench, the trial court stated that the charge of rape itself satisfies the first statutory factor because it is a serious offense requiring the use of violence. The trial court also stated that appellant's school records indicated numerous infractions followed by suspension and that appellant's character traits and mental maturity indicated his prospect for rehabilitation was not very good. Accordingly, the trial court denied the motion to transfer to juvenile court. We cannot say these findings are clearly erroneous.

We have repeatedly held that the crime of rape is by definition a violent offense. *See, e.g., Davis*, 319 Ark. 613, 893 S.W.2d 768. Appellant's argument that the crime of rape, in order to be classified as violent, requires additional threats or physical abuse independent of the rape is wholly without merit. This court has previously affirmed, without hesitancy, a circuit court's denial of a motion to transfer a rape case to juvenile court upon the sole factor of the serious and violent nature of the crime of rape. *Wicker* v. *State*, 310 Ark. 580, 839 S.W.2d 186 (1992). In addition, this court has affirmed a circuit court's retention of jurisdiction of a rape case against a juvenile defendant who was accused of raping a thirteen-year-old victim. *Slay*, 309 Ark. 507, 832 S.W.2d 217. Our affirmance in *Slay* was based not only on the serious and violent nature of the crime of rape, but also on the school records of the juvenile defendant Slay, which are remarkably similar to the school records admitted in the current case in that they both indicated a proclivity toward aberrant sexual behavior despite successful attempts at counseling both defendants. We see no distinction between this case and *Slay*. Furthermore, we observe that, under prior law, this court has affirmed the denial of a transfer of a rape case from circuit court to juvenile court when the juvenile was mildly retarded and the victim was a child of only eight years. *Allen* v. *State*, 253 Ark. 732, 488 S.W.2d 712 (1973). Based on these cases and their similarity to the present case, we cannot say the trial court's decision was clearly erroneous.

Accordingly, we affirm the circuit court's order denying the motion to transfer this case to juvenile court.

GLAZE, J., concurs, *see Boyd* v. *State*, 313 Ark. 171, 853 S.W.2d 263 (1993), and would consider readdressing *Boyd.*

BROWN, J., concurs.

NEWBERN and ROAF, JJ., dissent.

ROBERT L. BROWN, Justice, concurring. Because the confession of Ring may have been admissible if Ring was tried as an adult but would not have been in juvenile court, it was error to admit it for purposes of the juvenile transfer hearing. Regardless, though, the circuit judge made his ruling concerning the seriousness and violence employed in the alleged crime based on the charge brought against Ring — not his confession. As the majority opinion emphasizes, that is enough to sustain a decision not to transfer. Hence, I concur in the affirmance while recognizing the error in allowing the confession into evidence at the hearing.

DAVID NEWBERN, Justice, dissenting. It may well be the enactment of the current Juvenile Code was a bad idea. That is not for us to say. If the notion of offering special protections to juveniles in the hope of putting them on a separate track ending somewhere other than the Department of Correction has been found unworkable, it should be up to the General Assembly to declare it. In the meantime we should try to follow the Code and not weaken it to the point where it becomes virtually meaningless.

Perhaps the effect of *Boyd* v. *State*, 313 Ark. 171, 853 S.W.2d 263 (1993), on the purpose of the Juvenile Code is too insidious for recognition. Surely it can be seen, however, that the General Assembly did not intend by the enactment of Ark. Code Ann. § 9-27-317(a)(3) to prevent disclosure of the truth. It must have been enacted to protect children who are at their most vulnerable, in the face of ordinary police tactics, to suggestion and ultimately to misunderstanding which could be avoided by the presence of a parent or counselor.

Once a statement has been taken in violation of the statute, the incentive to proceed in a circuit court rather than a juvenile division of a chancery court becomes, I should think, compelling.

Only by avoiding juvenile proceedings can the State use such a statement.

While it is not my usual practice to continue a skirmish once the battle has been lost, in this instance I must again respectfully dissent for the reasons stated in the dissenting opinion in *Boyd* v. *State, supra.*

ROAF, J., joins in this dissent.