Josephine Linker Hart, Justice, dissenting. I respectfully dissent. Arkansas Code Annotated section 9-27-317(g) (Repl. 2015) provides, “No waiver of the right to counsel shall be accepted when a juvenile is in the custody of the Department of Human Services, including the Division of Youth Services of the Department of Human Services.” Subsection (g) is an absolute prohibition: no waiver of the right to counsel shall be accepted when a juvenile is in the custody of the Department of Human Services. James Griffin, Jr., was in the custody of the Department of Human Services. Thus, his waiver of counsel was ineffective, and the circuit court properly suppressed the statement he gave to the police. The majority not only concludes that the case before us is one of first impression but also concludes that its decision to reverse is compelled by stare decisis, presumably because of cases interpreting another statutory' provision, section 9-27-317(a)(3). The majority relies on Boyd v. State, 313 Ark. 171, 853 S.W.2d 263 (1993), the first case to consider section 9-27-317 and which specifically interpreted section 9-27-317(a). Subsection (a)(3) provides, “Waiver of the right to counsel at a delinquency or family in need of services hearing shall | nbe accepted only upon a finding by the court from clear and convincing evidence, after questioning the juvenile, that ... [t]he parent, guardian, custodian, or counsel for the juvenile has agreed with the juvenile’s decision to waive the right to counsel.” Ark. Code Ann. § 9-27-317(a)(3). In contrast to section 9-27-317(g), section 9-27-317(a)(3) is not stated as an absolute prohibition barring a juvenile’s waiver of the right to counsel. Moreover, as the Boyd court observed, section 9-27-317(a)(3) specifically references only proceedings in juvenile courts. The Boyd court concluded, “[T]he section of the juvenile code requiring parental consent to a waiver is limited to proceedings in the juvenile division of chancery court.” Id. at 173, 853 S.W.2d at 265. Section 9-27-317(g) does not limit its applicability only to juvenile-court proceedings. In Ring v. State, 320 Ark. 128, 894 S.W.2d 944 (1995), the other case discussed by the majority, this court again considered parental consent to the waiver of counsel. This court stated, “In [Boyd] this court held that the Arkansas Juvenile Code does not refer to proceedings in circuit court, rather, only to proceedings in juvenile court.” Id. at 131, 894 S.W.2d at 946. However, as discussed above, an essential element of the Boyd court’s analysis was its reliance on language identifying the court as the juvenile court. Now, the majority reaches the same conclusion although there is nothing in the text of section 9-27-317(g) to indicate that it applies only to juvenile court. While this court may have stated in Ring and other cases that the Arkansas Juvenile Code does not refer to proceedings in the circuit 1 Tacourt, this does not mean that section 9-27—317(g) should be treated similarly, given that it is stated as an absolute prohibition.[3] In applying Boyd and its progeny, the majority admits that “our interpretation of [section 9—27—317(g)] provides incentive for a prosecutor to charge a juvenile in circuit court rather than in the juvenile division when a statement has been taken in violation of the statute,” that “even though this statute was intended to provide greater protection for juveniles, our interpretation in Boyd and subsequent cases has had the opposite effect,” and that “the result may seem egregious.” I agree with these observations but, unlike the majority, I would hold that the clear wording of section 9-27—317(g) establishes a requirement that this court must affirm. . The majority also cites to Jackson v. State, 359 Ark. 87, 194 S.W.3d 757 (2004) and Ray v. State, 344 Ark. 136, 40 S.W.3d 243 (2001). Both of these cases address the juvenile’s right to speak to his or her parents.