The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, AR 72753
Dear Representative Hunton:
This is in response to your request for an opinion concerning interrogation of a juvenile during the investigation of a crime. You made reference to Act 67 of the special session last year (2d Ex. Sess. 1994). That act (and Act 68, S.B. 11) amended A.C.A. § 9-27-317 which concerns the waiver of counsel by juveniles. In particular, you ask:
 When and under what conditions may a police official question a juvenile in regard to what knowledge that juvenile might have in relation to a crime?
A complete answer to your question partly depends on why the juvenile is being questioned by a law enforcement officer — for example, whether the juvenile is a witness, a suspect, or defendant — and on the particular facts of a given scenario. The new act to which you refer concerns both custodial and non-custodial interrogation rights. I will address the latter situation first.
Acts 67 and 68 added paragraph (g) to § 9-27-317, which at subparagraph (1) states:
 Whenever a law enforcement officer has reasonable cause to believe that any juvenile found at or near the scene of a felony is a witness to the offense, he may stop that juvenile. After having identified himself, the officer must advise the juvenile of the purpose of the stopping and may then demand of him his name, address, and any other information he may have regarding the offense. Such detention shall in all cases be reasonable and shall not exceed fifteen (15) minutes unless the juvenile shall refuse to give such information, in which case the juvenile, if detained further, shall immediately be brought before any judicial officer or prosecuting attorney to be examined with reference to his name, address, or the information he may have regarding the offense.
This section is identical to A.R.Cr.P. 3.5 (1994) except that it substitutes the word "juvenile" for the word "person" in the rule. The emergency clause to Act 67 declares in part that the act is designed "to clarify the authority of law enforcement officers to take statements of juvenile witnesses" because "confusion exists as to the authority of law enforcement officers to question juvenile witnesses without the prior approval of a parent, guardian, or custodian." Second Extraordinary Session 1994 Ark. Acts No. 67, § 5.
Thus, it is my opinion, in a non-custodial setting, that juveniles may be questioned as witnesses to felonies just as any person might be questioned pursuant to Rule 3.5 — they can be asked to identify themselves, to provide an address, and to provide any information about the felony the officer has reasonable cause to believe they witnessed, and if they refuse they can be taken before a judicial officer or prosecuting attorney to be asked about the same information.[1]
Once a juvenile is taken into custody for a delinquent act or a crime, however, subparagraph (g)(2) of amended § 9-27-317 prohibits questioning the juvenile "if the juvenile has indicated in any manner that he does not wish to be questioned, that he wishes to speak with a parent or guardian or to have a parent or guardain [sic] present, or that he wishes to consult counsel before submitting to any questioning." This is a version of the familiar prohibition against uncounseled custodial interrogation guaranteed by the Fifth and Sixth Amendments, along with the added protection that custodial interrogation must cease if a juvenile wants to speak with a parent or guardian.[2] Any waiver of these rights must be pursuant to the strictures of amended §9-27-317(f).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
[1] In addition, under the Arkansas Rules of Criminal Procedure, law enforcement officers may also request information or other cooperation from persons in the investigation or prevention of crime, see Rule 2.2, or stop and detain persons reasonably suspected of serious criminal conduct, see Rule 3.1. Though I see no reason why juveniles are not subject to these rules as written, as with questioning a juvenile as a witness to a felony, I can express no opinion on their application absent a particular factual scenario.
[2] If a juvenile is prosecuted as an adult, however, the added protections of the Juvenile Code do not apply. See Rhoades v. State,315 Ark. 658, 661, 869 S.W.2d 698, 699 (1994).