Keith COBBINS *v.* STATE of Arkansas

CR 91-66                     816 S.W.2d 161

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*John H. Bradley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an interlocutory appeal of a decision not to transfer two charges of rape and aggravated robbery from Circuit Court to Juvenile Court. The appellant, Keith Cobbins, was charged with burglary, aggravated robbery, rape, and aggravated assault. At the time of the incident, Cobbins was fifteen years old. The burglary and aggravated assault charges were transferred to Juvenile Court pursuant to Ark. Code Ann. § 9-27-318 (Repl. 1991). The Circuit Court retained the rape and aggravated robbery charges.

Cobbins raises two issues. He contends the trial judge should have transferred the rape and aggravated robbery charges to Juvenile Court because it had not been shown by clear and convincing evidence, required by § 9-27-318(f), that he should be tried in Circuit Court as an adult on these charges. He also asserts the Circuit Court lost jurisdiction because of failure to hold the hearing on the transfer within ninety days after the charges were filed as required by § 9-27-318(b)(2).

The Trial Court was correct in finding clear and convincing evidence that Cobbins should be tried as an adult on the aggravated robbery and rape charges. This finding is based on the violence involved in the commission of the offenses, the prior offenses committed by Cobbins, and the unsuccessfulness of past rehabilitation efforts. Nor can we find convincing authority leading us to conclude that the ninety-day hearing requirement is

jurisdictional. The decision of the Trial Court will be affirmed.

During the motion to transfer hearing, the victim, Dorothy Brown, testified that upon returning home from work on October 5, 1989, she found her door open. She stated that after she entered her home, Cobbins hit her in the head with a claw hammer three times and then raped her. Brown testified that Cobbins told her if she did not submit to him, he would kill her and her son James. Brown stated that after the rape Cobbins took two hundred dollars from her. Brown was later treated at Osceola Hospital.

Keith Cobbins was arrested based on information received by investigating officers from a friend of Dorothy Brown's son. Beginning October 5, 1989, Cobbins was held in custody in the Mississippi County Detention Center, as he was unable to post bond. A hearing on transferring the case from Circuit Court to Juvenile Court was demanded on August 9, 1990, well beyond the ninety-day period.

Keith Cobbins was no stranger to the juvenile justice system. Evidence presented at the transfer hearing indicated that Cobbins had previously been sentenced to the Youth Services Facility four times for various offenses. On July 31, 1986, he was sent to the Facility for committing two counts of burglary and one count of criminal mischief. He was again sent to the Facility on June 24, 1987, for theft of property and unauthorized use of a vehicle. The third offense, for which he was sentenced on June 16, 1988, was theft of property. The last incident occurred on February 2, 1989, when Cobbins violated his probation and committed harassment and assault.

Ray Rigsby, a Mississippi County juvenile officer, testified that to his knowledge there had been no success in rehabilitating Cobbins at the Facility and that he had not noticed any changes in Cobbins' behavior. On every occasion Cobbins had gotten into trouble after leaving the Facility. The State also presented evidence from the Child Study Center at the University of Arkansas for Medical Sciences indicating that Cobbins' behavior pattern was aggressive, dangerous, and disruptive. He had not been controllable in either the home or the youth services environment. A report by a staff psychologist at the Arkansas Department of Human Services indicated that Cobbins required placement in an institutional environment which would provide

protection for himself and others. The report added that Cobbins was prone to recidivism. A report from the Youth Services Center did state that Cobbins' behavior had improved since the incident, but he continued to be assaultive and an absent without leave risk.

### 1. Clear and convincing evidence

Section 9-27-318(e) sets out the guidelines for determining when an offense should be transfered from Circuit to Juvenile Court. It provides that:

> in making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors: (1) the seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense; (2) whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and (3) the prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Subsection (f) requires a "finding by clear and convincing evidence that a juvenile should be tried as an adult."

In the supplemental opinion on denial of rehearing in *Walker* v. *State*, 304 Ark. 402A, 805 S.W.2d 80 (1991), we held that the standard of review in juvenile transfer cases is whether the trial judge's finding is clearly against the preponderance of the evidence. Findings of fact by a Trial Court will not be set aside unless clearly erroneous. Ark. R. Civ. P. 52(a) (1990). The Trial Court is not required to give every factor mentioned in the statute equal weight, and proof on every factor need not be introduced in order to warrant keeping a case in Circuit Court. *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991); *Walker* v. *State, supra*.

"Clear and convincing evidence" has been defined by this Court as "that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to be established." *Kelly* v. *Kelly*, 264Ark. 865, 870, 575 S.W.2d 672, 676 (1979). In the case now before us, the Trial Court found clear

and convincing evidence on many of the factors enumerated in the statute. We cannot say the Circuit Court's finding was clearly against the preponderance of the evidence.

## 2. The ninety-day requirement

The hearing on the motion to transfer was not held until almost fourteen months after the charges were filed. For nine months Cobbins was held in the Mississippi County Detention Center, unable to post bonds.

Section 9-27-318(b)(2) states that "the circuit court shall hold a hearing within ninety days of the filing of charges to determine whether to retain jurisdiction of the juvenile in Circuit Court." Cobbins would have us hold that the Circuit Court loses jurisdiction of the charges upon failing to hold the transfer hearing within the ninety-day period.

Although the language of the statute is mandatory, it is silent on the effect of noncompliance. In making the decision on this issue, the Trial Court analogized to parole revocation hearings. A statute requires that a hearing be conducted on parole revocation within a reasonable time, not to exceed sixty days after the defendant's arrest. Ark. Code Ann. § 5-4-301(b)(2) (1987). In *Haskins* v. *State*, 264 Ark. 454, 572 S.W.2d 411 (1978), we held that this requirement was not intended by the General Assembly to be jurisdictional. The sixty-day limitation represented the period beyond which the hearing could not be delayed if the defendant objected. Failure to demand a hearing within the sixty-day period waived the right to insist on a timely hearing.

■ Here, the Trial Court relied on the *Haskins* case and determined that the ninety-day hearing requirement was not intended to be jurisdictional. We consider the analogy to be apt. Although the statute makes the ninety-day requirement mandatory, nothing in the statute indicates it is jurisdictional. Another factor to be considered is that Cobbins was represented by counsel during the ninety-day period. Motions were filed by counsel only twenty-four days after Cobbins was charged; however, no motion to transfer was made during the ninety-day period. Further analogy to the *Haskins* case leads us to the conclusion that counsel's failure to demand a transfer hearing

until well beyond the ninety-day period waived the right to insist on a timely hearing.

Affirmed.