James E. WILLIAMS *v.* STATE of Arkansas

93-129                                                856 S.W.2d 4

Supreme Court of Arkansas
Opinion delivered June 14, 1993

*Daniel D. Becker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. This appeal arises from the circuit court's denial of appellant James E. Williams' motion to transfer his three aggravated robbery charges to juvenile court. At the time of the robberies appellant was fifteen years old. We find no error in the circuit court's decision, and we affirm.

Appellant was charged with three counts of aggravated robbery, two counts of aggravated assault, one count of theft of property worth over $2,500.00, fleeing, and criminal mischief in the first degree as a result of incidents occurring on November 15, 1992. The charges were filed in Garland County Circuit Court by way of an information on November 16, 1992. On November 25, 1992, appellant filed a motion to transfer the charges to juvenile court pursuant to Ark. Code Ann. § 9-27-318 (Supp. 1991). After a hearing on December 21, 1992, the circuit court granted the motion as to all charges except the three aggravated robbery charges. The order transferring the two counts of aggravated assault, and one count each of theft, fleeing, and criminal mischief in the first degree to juvenile court and denying the motion to transfer the three counts of aggravated robbery was filed on December 21, 1992. Appellant appeals the denial of the circuit court to transfer his three counts of aggravated robbery to

juvenile court.

We do not reverse a circuit court's denial of a motion to transfer a case to juvenile court unless we determine the denial was clearly erroneous. *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991). Section 9-27-318 provides in pertinent part:

(b)(1) When a case involves a juvenile age fourteen (14) years or fifteen (15) years at the time the alleged delinquent act occurred, the prosecuting attorney has the discretion to file charges in circuit court for an alleged act which constitutes capital murder, murder in the first degree, murder in the second degree, kidnapping in the first degree, *aggravated robbery*, rape, or battery in the first degree.

(2) The circuit court shall hold a hearing within ninety (90) days of the filing of charges to determine whether to retain jurisdiction of the juvenile in circuit court or to waive jurisdiction and transfer the case to juvenile court.

. . . .

(e) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

(f) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall

enter an order to that effect.

(Emphasis added.)

■ Appellant contends the aggravated robbery charges were improperly retained in the circuit court solely because of the nature of the charge. We disagree. Appellant had the burden of going forward with the proof to show a transfer was warranted under the statute. *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991). The circuit court made its decision after a hearing at which a Juvenile Intake Officer testified for the state and introduced a faxed copy of appellant's file from the Probation Department of Alameda County, California. Appellant chose to rely on the proof presented by the state and did not introduce any proof in his favor.

■ The circuit court order denying appellant's motion to transfer the aggravated robbery charges provided in pertinent part:

> [t]hat the Juvenile Authorities of the State of Arkansas have no programs which would benefit the Defendant, therefore the motion to transfer the three counts of Aggravated Robbery to Juvenile Court is hereby denied.

Although the circuit court is not required to make specific findings of fact in a juvenile transfer case, it is helpful to our review if the court has made findings of fact. *Vickers*, 307 Ark. 298, 819 S.W.2d 13. During the hearing, the circuit judge made the following findings:

> Not only is it clear and convincing but it's the only credible evidence that we have, and that is that — and the Court is reviewing the Affidavit attached to the Information — and it shows that a handgun was presented to two ladies on November the 15th, Sandra Jones and Joyce Clark.

> That the statement was made, "I'll shoot. Give me your purses. That a small handgun was pointed at them. They delivered up their purses. Then approximately 30 to 45 minutes later, Charles Jordan reported that he was putting some items into the back of his trunk and that these words were — or words to this effect, "Give me your wallet

or I'll kill you." Mr. Jordan delivered up his money.

And then again these words, "Give it to me or I will kill you." And he pulled the money out of the clip and said he wanted to keep the clip. Then the person stated he wanted Jordan's keys. He gave him his keys to his 1992 Cadillac and then he took his car.

Then what followed was an attempt to stop the car. It was pursued and the driver lost control and drove it into the side of a dwelling at 100 Perry Street. Apparently the building was struck so hard that a jukebox was turned over against James Haywood and Marilyn Igee. They were transported by ambulance for medical treatment. And then, of course, there was an identification.

So, there's no doubt that fact number one — here it's not the seriousness of the offense but the seriousness of the offenses. Violence was involved even in the fleeing.

And then referring back to the assessment statement, it shows that there was an assault on two residences [sic] in a program that he was in.

So, apparently in California, there was an adjudicated assault within a program, and that to me demonstrates a repetitive pattern.

All the prior history, the character traits would indicate to me that rehabilitation has not worked, would not work, and that society needs to be protected.

The court need not give equal weight to each factor in juvenile transfer cases and it is permissible to give substantial weight to the information. *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502, *reh'g denied*, 304 Ark. 402-A, 805 S.W.2d 80 (1991). The circuit judge properly considered each of the three factors and determined that there was violence employed in the commission of the offenses, appellant had a repetitive pattern of adjudicated offenses, and that based on appellant's character traits rehabilitation would not work. Therefore, the circuit judge determined the aggravated robbery charges should be tried in circuit court. Given the fact that the circuit judge considered all the factors and appellant failed to offer any proof in his favor, we

are unable to say the circuit court's decision was clearly erroneous or was not supported by clear and convincing evidence. Therefore, we affirm.