Jerry Chris JOHNSON *v.* STATE of Arkansas

CR 94-80 878 S.W.2d 758

Supreme Court of Arkansas
Opinion delivered July 11, 1994

*Omar F. Greene II*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged in circuit court with the felony of aggravated robbery and the misdemeanor of theft of property. At the time the offenses were committed, and at the time the charges were filed, appellant was fourteen years of age. Appellant moved to transfer the charges from circuit court to juvenile court. After a hearing the circuit judge denied the motion and set the aggravated robbery case for trial. Appellant brings this interlocutory appeal. We affirm the ruling of the circuit court refusing to transfer the aggravated robbery charge to juvenile court.

At the hearing on appellant's motion to transfer, he offered the testimony of his grandmother and father. His grandmother testified that if appellant were treated as a juvenile, she would see that he stayed at home, kept reasonable hours, and got back in school. His father testified that he would see that his son got to school and abided by the law. Appellant testified that, if given the chance, he would work with his probation officer, get back in school, and come in at reasonable hours.

In opposition, the State called appellant's probation officer, who testified that appellant was currently on probation for theft by receiving of a Buick automobile and fleeing from a police officer. The probation officer additionally testified that appellant had been adjudicated a delinquent on a possession of cocaine charge and was awaiting disposition of that adjudication in juvenile court. The officer testified that, conditioned on the charges

at issue being transferred to the juvenile system, the judge of the juvenile court had requested a risk assessment, which meant that the judge was considering sending appellant to the Office of Youth Services. However, he further testified that the Office of Youth Services was in the process of closing and that the juvenile system had no incarceration and rehabilitation system at that time. Juvenile court reports confirmed the three prior adjudications in juvenile court.

The State also called the detective who investigated the robbery and theft charges now pending. He testified that at 4:20 a.m. on June 4, 1993, three young males entered the Legacy Hotel in Little Rock. One of the young men pulled a pistol and demanded money from the night clerk. They grabbed the money and fled. Appellant and two other young men were arrested shortly after the robbery and theft, and the night clerk identified appellant as the one who pulled the pistol from his pants and demanded the money.

The circuit court refused to transfer the case to juvenile court and, among its findings, found that the act of aggravated robbery was one of violence. In this appeal, appellant argues that his alleged act was not one of violence, but rather was only a threat to commit violence.

■ The applicable statute, Ark. Code Ann. § 9-27-318 (Repl. 1993), provides that if a juvenile is fourteen or fifteen, the prosecutor may file a charge of aggravated robbery in circuit court. *Id.* § 9-27-318(b)(1). Subsection (e) of the statute sets out the factors to be considered in the determination of whether jurisdiction should be retained or transferred. It provides that the court should consider:

1. The seriousness of the offense and whether it involved violence.

2. Whether it is part of a repetitive pattern and whether the juvenile is beyond rehabilitation as a juvenile.

3. The prior history, character traits, mental maturity, and any other factor which reflects upon prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e) (Repl. 1993).

 We have said that it is not necessary to give equal weight to each factor in juvenile transfer cases and, further, that proof need not be introduced against the juvenile on each factor. *Hogan* v. *State*, 311 Ark. 262, 843 S.W.2d 830 (1992). Here, the alleged aggravated robbery is part of a repetitive pattern of offenses, and past efforts at rehabilitating appellant in the juvenile court system have not been successful. These factors alone would prevent us from holding the trial court's ruling on the aggravated robbery charge was clearly erroneous. *See Smith* v. *State*, 307 Ark. 223, 818 S.W.2d 945 (1991).

██ We also affirm the ruling on aggravated robbery based on our case of *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993). The aggravated robberies in that case were almost identical to the one in the case at bar, and we "determined that there was violence employed in the commission of the offenses." *Williams*, 313 Ark. at 455, 856 S.W.2d at 7. Thus, we affirm the circuit court's ruling denying the motion to transfer the aggravated robbery charge to juvenile court.

Affirmed.