Michael Thomas HOLMES *v.* STATE of Arkansas

CR 95-441 911 S.W.2d 256

Supreme Court of Arkansas
Opinion delivered December 4, 1995

*Kit Williams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, a juvenile, was charged in circuit court with aggravated robbery. He filed a motion to transfer the case to juvenile court. The circuit court denied the motion. Appellant filed this interlocutory appeal from the circuit court's denial of the transfer motion. We affirm the ruling of the circuit court.

■■ A prosecuting attorney has the discretion to file charges in circuit court when a case involves a juvenile fourteen or fifteen years of age and the alleged act constitutes aggravated robbery. Ark. Code Ann. § 9-27-318(b) (Repl. 1993). In deciding whether to retain jurisdiction of the case, the trial court shall consider the seriousness of the offense, whether the offense is part of a repetitive pattern of adjudicated offenses, and the juvenile's prospects for rehabilitation. Ark. Code Ann. § 9-27-318(e) (Repl. 1993). A defendant seeking a transfer has the burden of proof to show a transfer is warranted under Ark. Code Ann. § 9-27-318(e). *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995). "If he or she meets the burden, then the transfer is made unless there is clear and convincing countervailing evidence to support a finding that the juvenile should remain in circuit court." *Bradley* v. *State*, 306 Ark. 621, 623, 816 S.W.2d 605, 606 (1991); Ark. Code Ann. § 9-27-318(f) (Repl. 1993). "'Clear and convincing evidence' has been defined by this Court as 'that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to be established.'" *Cobbins* v. *State*, 306 Ark. 447, 450, 816 S.W.2d 161, 163 (1991) (citation omitted).

■ The trial court is not required to give equal weight to each of the statutory factors. *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995). "Moreover, proof need not be introduced against the juvenile on each factor." *Davis* v. *State*, 319 Ark. at 616, 893 S.W.2d at 769. "We have often stated that the serious and violent nature of an offense is a sufficient basis for denying a motion to transfer and trying a juvenile as an adult." *Sims* v. *State*, 320 Ark. 528, 536, 900 S.W.2d 508, 513 (1995) (citing *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 678 (1995)). No element of violence beyond that required to commit the crime is

necessary under Ark. Code Ann § 9-27-318(e)(1), *see Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217, (1992), a case in which the underlying crime was rape, and we wrote, *"Cobbins* cannot be read to require that an added element of violence must be shown under § 9-27-318(e)(1), and we believe it would be a perverted interpretation to construe that provision in such a manner." *Id.* at 511, 832 S.W.2d at 219. However, that a crime is serious without the use of violence "is not a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile." *Sebastian* v. *State*, 318 Ark. 494, 498, 885 S.W.2d 882, 885 (1994).

■ The standard of review in a juvenile transfer case is whether the trial court's denial of the motion to transfer was clearly erroneous. *Sims* v. *State*, 320 Ark. 528, 900 S.W.2d 508 (1995). In this case the proof showed that early in the afternoon of October 11, 1994, appellant broke into a residence and stole, among other items, a .22 caliber handgun and a .22 caliber rifle. Later that afternoon he took the loaded .22 caliber handgun to a pawnshop, pointed it at the proprietor, and demanded two handguns that were in a guncase and the money in the cash register. He left with the guns and money. Later that same afternoon he was arrested and, at the time, had the loaded 9 millimeter handgun taken from the pawnshop on his person and had the loaded .22 pistol taken from the residence on his moped. In the findings of fact, the circuit judge stated:

> There are several factors I simply cannot overlook; obviously, the serious nature of these allegations, which apparently the defendant has admitted participating in. Aggravated robbery — violence as such may not have occurred in the traditional sense. In other words, no guns were fired or no one was assaulted or battered but certainly when a citizen looks down the barrel of a loaded revolver in the process of being held up, in my judgment that is a violent act.

In *Johnson* v. *State*, 317 Ark. 521, 878 S.W.2d 758 (1994), we affirmed the circuit court's denial of a motion to transfer to juvenile court. The defendant was charged with aggravated robbery, allegedly having pulled a gun on a clerk, but not firing it. The trial court determined that the crime of aggravated robbery

was one of violence. The defendant argued on appeal that his act was one of a threat to commit violence, not one of violence. We affirmed the trial court's ruling and, in part, stated:

> We also affirm the ruling on aggravated robbery based on our case of *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993). The aggravated robberies in that case were almost identical to the one in the case at bar, and we "determined that there was violence employed in the commission of the offenses." *Williams*, 313 Ark. at 455, 856 S.W.2d at 7. Thus, we affirm the circuit court's ruling denying the motion to transfer the aggravated robbery charge to juvenile court.

*Id.* at 524, 878 S.W.2d at 760.

Similarly, in *Johnson* v. *State*, 307 Ark. 525, 823 S.W.2d 440 (1992), we considered the violent nature of the crime of aggravated robbery. The defendant, who was also charged with two counts of capital murder, filed a motion to transfer two counts of aggravated robbery. At the hearing, the defendant only presented evidence of his age to support his motion. His attorney made the statement that the defendant had no prior involvement with the law. The State only presented the violent nature of the crimes of aggravated robbery as evidence. In affirming the denial of the motion to transfer, we said:

> We considered the sufficiency of violence attached to a crime as a sufficient factor to refuse transfer in *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991). The crime in *Walker* was first degree murder whereas the offenses in this case are aggravated robbery. . . . [T]he question before us is whether multiple counts of aggravated robbery are sufficient to withstand a motion for transfer when the opposing evidence is essentially the defendant's age.
>
> . . .
>
> While the charge here is not identical to *Walker*, it is nonetheless serious. First degree murder and aggravated robbery are both class Y felonies. The difference is that in murder, violence is necessarily present and though aggravated robbery can be completed without the actual use of violence [Ark. Code Ann. § 5-12-103 (1987)], nevertheless,

there are policy reasons why the offenses are treated comparably by the legislature and the trial court could take note of that parity.

*Id.* at 535-536, 823 S.W.2d 445.

 Based on *Johnson* v. *State*, 317 Ark. 521, 878 S.W.2d 758 (1994), *Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993), the case cited in *Johnson*, and *Johnson* v. *State*, 307 Ark. 525, 823 S.W.2d 440 (1992), the trial court could have relied on the violent nature of the crime of aggravated robbery in denying appellant's motion to transfer to juvenile court. No violence beyond that necessary to commit the offense of which the defendant is accused is necessary under Ark. Code Ann. § 9-27-318(e)(1). *See Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992). Even so, the record demonstrates that the trial court relied on more than the violent nature of the alleged crime in denying the motion to transfer.

The trial court considered appellant's prior history, character traits, mental maturity, and other factors reflecting upon his prospects for rehabilitation. *See* Ark. Code Ann. § 9-27-318(e)(3). Specifically, the court considered the evidence that appellant had problems since the first grade and that efforts to address the problems had been unsuccessful. The court considered that appellant's mother had tried unsuccessfully to help him and that she had assisted the juvenile court in getting appellant into a hospital, apparently for drug addiction or alcohol addiction. In discussing the fact that appellant had no prior adjudications, the trial judge addressed appellant's prior contacts with the juvenile system, which included charges or allegations of assault and battery, theft by receiving, shoplifting, theft of property, and the burglary and aggravated robbery, and stays in a juvenile detention center and a hospital. In reaching his determination, the trial judge stated:

> In my judgment, Mr. Holmes, considering the seriousness of this offense and the other factors which I have enumerated, the prospects for your rehabilitation at present are, in my judgment, nonexistent. Attempts have been made, and for whatever reason, you didn't avail yourself of the opportunity to get yourself straightened out.

■ Though he was not required to do so, the trial judge made specific findings of fact at the hearing. *See Williams* v. *State*, 313 Ark. 451, 856 S.W.2d 4 (1993); *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991). The trial court's findings show that the court did in fact consider the three factors listed in Ark. Code Ann. § 9-27-318(e). The alleged crime was serious and of a violent nature, and appellant's history supports the trial court's determination that he was not a good prospect for rehabilitation. The fact that appellant had no prior adjudications does not render the trial judge's decision erroneous, since it is not necessary that proof of each factor listed in Ark. Code Ann. § 9-27-318(e) be presented or that the trial court give each factor equal weight.

Affirmed.