Christopher SANDERS *v.* STATE of Arkansas

96-484                                                        932 S.W.2d 315

Supreme Court of Arkansas
Opinion delivered October 28, 1996

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. This is an interlocutory appeal by Christopher Sanders from the circuit court's denial of his motion to transfer the charges against him to juvenile court. Sanders was charged on May 1, 1995, with aggravated assault and terroristic threatening in the first degree. The affidavits for warrants of arrest provide that Sanders "put a knife to the throat of Michael Ray and threatened to kill him. Michael is nine years old, and his brother and sister witnessed this. Chris has also kicked Michael on different occasions leaving bruises on his legs." Sanders filed his motion to transfer on September 15, 1995, in which he alleged that he was

born on February 12, 1978, was seventeen years old, and there were no other charges pending against him. The only witness at the hearing on the motion to transfer was Sanders's mother, Becky Sanders. She testified that Sanders had been in juvenile court in August 1994 for a problem on a school bus and pleaded guilty to those charges. She testified that Sanders was placed under house arrest for six months, and the sentencing judge stated that if Sanders stayed out of trouble, his record would be "clean" at the conclusion of his sentence.

The trial judge asked whether the State had anything to offer about the seriousness of the offense. The deputy prosecuting attorney responded that the victim was committed to Arkansas Children's Hospital for an evaluation after the incident. The trial judge asked what type of knife was allegedly used. The deputy prosecuting attorney answered that she thought that the knife used in the alleged crime was a kitchen knife, but she was not sure why she thought that. The deputy prosecuting attorney stated that Sanders had a juvenile record, but she did not know about the school bus incident. She explained that an officer had been trying to get the juvenile records but had been unable to do so. The deputy prosecuting attorney informed the trial court that a possible rape charge against Sanders was being investigated.

The trial judge denied the motion to transfer. In ruling from the bench, the trial judge stated that in making his decision he was to consider the three factors set forth in Ark. Code Ann. § 9-27-318(e) (Supp. 1995). He stated that he had only scant information about Sanders's prior history, character traits, mental maturity, and other relevant factors. He then noted the incident on the school bus, but stated that there was no evidence that this offense was part of a repetitive pattern.

With regard to the seriousness of the offense and whether violence was employed, the trial judge stated that the offense itself was serious. He stated that the charges dealt with creating substantial danger of death or serious physical injury and threatening to cause death or serious physical injury and, therefore, were serious. With regard to violence, the trial judge stated that the court could only base its decision on the information and the attached affidavits and that the information and attached affidavits recited that Sanders employed violence by placing a knife to the throat of the victim and threatening to kill him. The trial judge stated that he did not know

what type of knife was used, the circumstances, "or anything else related to the seriousness of the offense." He stated that the question came down to whether the seriousness and violence established a need for this case to be tried in circuit court. The trial judge also considered the fact that appellant was seventeen at the time of the hearing and would be eighteen in approximately four months. He concluded:

> The Court is going to deny the motion to transfer to Juvenile Court. This is an extremely close case, and if not for the defendant's age and the proximity to turning eighteen, the Court likely would have transferred this to Juvenile Court without more information, but based on the defendant's age and the seriousness of the offenses, at least the alleged seriousness of the offenses, the Court will deny the motion to transfer to Juvenile Court.

Sanders argues that the trial court erred in denying the motion to transfer because the alleged weapon was not shown to be inherently dangerous. He further asserts that terroristic threatening is not obviously violent. He contends that the incident on the bus for which he was placed under house arrest should not be considered as an adjudicated offense and that the State did not present evidence of prior offenses or convictions. He points out that the trial court specifically found that the current offense is not part of a repetitive pattern. Finally, he asserts that the trial court erroneously considered his age in denying the motion to transfer.

Sanders is charged with aggravated assault and terroristic threatening in the first degree. A person commits aggravated assault if, "under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person." Ark. Code Ann. § 5-13-204(a) (Repl. 1993). Aggravated assault is a Class D felony. Ark. Code Ann. § 5-13-204(b). The applicable code section on terroristic threatening provides that a person commits terroristic threatening in the first degree if, "[w]ith the purpose of terrorizing another person, he threatens to cause death or serious physical injury or substantial property damage to another person." Ark. Code Ann. § 5-13-301 (Supp. 1995). Terroristic threatening in the first degree is a Class D felony. Ark. Code Ann. § 5-13-301(a)(2). The State could properly file the charges against appellant in circuit court pursuant to Ark. Code Ann. § 9-

27-318(b)(1) (Supp. 1995) because appellant was sixteen years old at the time of the alleged offense and he was being charged with conduct that, "if committed by an adult, would be [a] felony." Ark. Code Ann. § 9-27-318(b)(1).

In determining whether to retain jurisdiction, the trial court must consider:

> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
>
> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and
>
> (3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e)(1) — (3) (Supp. 1995).

In *Lammers* v. *State*, 324 Ark. 222, 920 S.W.2d 7 (1996), we wrote:

> The law regarding motions to transfer to juvenile court is well established:
>
> > A defendant seeking a transfer has the burden of proof to show a transfer is warranted under Ark. Code Ann. § 9-27-318(e). *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995). "If he or she meets the burden, then the transfer is made unless there is clear and convincing countervailing evidence to support a finding that the juvenile should remain in circuit court." *Bradley* v. *State*, 306 Ark. 621, 623, 816 S.W.2d 605, 606 (1991); Ark. Code Ann. § 9-27-318(f) (Repl. 1993). " 'Clear and convincing evidence' has been defined by this Court as 'that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to be established.' " *Cobbins* v. *State*, 306 Ark. 447, 450, 816 S.W.2d 161, 163 (1991) (citation omitted).
>
> > The trial court is not required to give equal weight

to each of the statutory factors. *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995). "Moreover, proof need not be introduced against the juvenile on each factor." *Davis* v. *State*, 319 Ark. at 616, 893 S.W.2d at 769. "We have often stated that the serious and violent nature of an offense is a sufficient basis for denying a motion to transfer and trying a juvenile as an adult." *Sims* v. *State*, 320 Ark. 528, 536, 900 S.W.2d 508, 513 (1995) (citing *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 678 (1995)). No element of violence beyond that required to commit the crime is necessary under Ark. Code Ann. § 9-27-318(e)(1). See *Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992), a case in which the underlying crime was rape and we wrote, "*Cobbins* cannot be read to require that an added element of violence must be shown under § 9-27-318(e)(1), and we believe it would be a perverted interpretation to construe that provision in such a manner." *Id.* at 511, 832 S.W.2d 219. However, that a crime is serious without the use of violence "is not a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile." *Sebastian* v. *State*, 318 Ark. 494, 498, 885 S.W.2d 882, 885 (1994).

*Cole* v. *State*, 323 Ark. 136, 141, 913 S.W.2d 779, 781-82 (1996) (quoting *Holmes* v. *State*, 322 Ark. 574, 911 S.W.2d 256 (1995)). An information can constitute sufficient evidence to establish that the defendant is charged with a serious and violent crime. *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995); *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502, *reh'g denied* 304 Ark. 402-A, 805 S.W.2d 80 (1991). This court applies the clearly erroneous standard in reviewing the trial court's denial of a motion to transfer. *Sims* v. *State*, 320 Ark. 528, 900 S.W.2d 508 (1995).

*Id.* at 223-24, 920 S.W.2d at 8-9.

In *Holmes* v. *State*, 322 Ark. 574, 911 S.W.2d 256 (1995), the appellant, who was charged with aggravated robbery, appealed the denial of his motion to transfer to juvenile court. The trial judge had stated that, in his opinion, robbing an individual at gun point is a violent act, even when the gun is not fired and no one is assaulted or battered. This court affirmed, stating that the violent nature of the crime was a sufficient basis to deny the motion to transfer, but

that there were also other factors appropriately relied upon by the trial court in denying the motion. We discussed the cases of *Johnson v. State*, 317 Ark. 521, 878 S.W.2d 758 (1994); *Williams v. State*, 313 Ark. 451, 856 S.W.2d 4 (1993); and *Johnson v. State*, 307 Ark. 525, 823 S.W.2d 440 (1992), in which this court addressed the sufficency of the violent nature of the offense to support the denial of the motion to transfer, in reaching its conclusion.

In *Butler v. State*, 324 Ark. 476, 922 S.W.2d 685 (1996), this court affirmed the trial court's denial of a motion to transfer as it pertained to three charges of aggravated robbery. In the first two robberies, the defendant or an accomplice allegedly employed guns in robbing a pizza deliveryman. In the third robbery, the defendant or his accomplice used a rock or a brick to threaten a deliveryman. The court referred to the rock or brick as a "weapon." We stated that the use of violence in the commission of a serious offense was sufficient "in and of itself" for a trial court to deny a motion to transfer. We said:

> Because the remaining charges against appellant consist of three counts of aggravated robbery, Class Y felony, the most serious level of offense in the State of Arkansas, and because violence was employed via appellant's use of deadly weapons to cause a threat of death or serious physical injury to the victims, we cannot say that the denial of transfer as to the three counts of aggravated robbery was clearly erroneous.

*Id.* at 484-85, 922 S.W.2d at 690.

In the present case, appellant is charged with aggravated assault and terroristic threatening. The affidavits for warrants of arrest allege that appellant "put a knife to the throat of Michael Ray and threatened to kill him." The affidavits which the trial judge considered may have constituted inadmissible hearsay; however, there was no objection to them, and hearsay admitted without objection may constitute substantial evidence to support a ruling. *Clemmons v. State*, 303 Ark. 265, 795 S.W.2d 927 (1990).

Under the reasoning of our cases cited above, the offenses with which Sanders is charged are of a serious and violent nature, even though it is not alleged that Sanders actually physically injured the victim. Aggravated assault is a crime of violence. It is purposely engaging in conduct that "creates a substantial danger of death or serious physical injury to another person" under circumstances

manifesting an extreme indifference to the value of human life. *See* Ark. Code Ann. § 5-13-204(a). Terroristic threatening while holding a knife to the victim's throat is a crime of violence.

The trial court determined that the alleged offenses were serious and of a violent nature, and it did not clearly err in making this determination. Moreover, there was another factor supporting the denial of the motion. The court considered the fact that Sanders was seventeen at the time of hearing, but would be eighteen in approximately four months. In *Hansen v. State*, 323 Ark. 407, 914 S.W.2d 737 (1996), we affirmed the denial of a motion to transfer in a case in which the defendant, who was charged with statutory rape, was already eighteen at the time of the hearing on the motion. We wrote:

> Moreover, as the trial court noted, commitment to a juvenile facility is not available for a young person older than 18. We have previously held that the chance for rehabilitation within the Division of Youth Services is nonexistent when a commitment cannot be had for a young person older than 18. *See, e.g., Sims v. State*, 320 Ark. 528, 900 S.W.2d 508 (1995); *Hogan v. State, supra.*
>
> We are cognizant of the fact that by Act 1261 of 1995 the General Assembly extended commitment time for juveniles beyond age 18 under certain circumstances:
>
> > (d) Commitment shall not exceed the eighteenth birthday of a youth, unless the Department of Human Services' State Institutional System Board determines that an adequate facility or facilities are available for youths eighteen (18) years of age or older.
>
> Ark. Code Ann. § 9-28-208(d) (Supp. 1995). Section 9-28-208(d), however, presupposes that the youth has already been committed at the time he or she turns 18 and allows for that commitment to continue. That is not the situation in the case before us. Under these circumstances, we cannot say that the decision of the trial court was clearly erroneous in denying the transfer.

*Id.* at 410-11, 914 S.W.2d at 739.

For the above reasons we affirm the trial court's ruling denying the motion to transfer. Even so, in our decisional conference, this

case was a catalyst for discussion on the need to review our past interpretation of parts of the juvenile code. This case exemplifies the fact that, under our current interpretations of the code, prosecuting attorneys can file a serious charge against a juvenile in circuit court and do nothing more. It may be that there is no substantial evidence to support the charge, and a transfer may be denied. In this case the trial judge was apparently frustrated by a total lack of proof by the State. He even inquired whether the knife alleged to have been used was a butter knife or a butcher knife, and the State did not know. This type of proceeding was not envisioned by the drafters of the juvenile code, and we did not intend for our interpretations to do away with the need for a meaningful hearing. As a result, we issue a caveat that in juvenile transfer cases tried after this date, we will consider anew our interpretation of the juvenile code when the issues are fully developed and briefed.

Affirmed.