Cite as 2023 Ark. App. 20

# ARKANSAS COURT OF APPEALS
### DIVISION III
No. CR-22-116

| | |
|---|---|
| DEVONTA MCDONALD<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 25, 2023<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-21-195]<br><br>HONORABLE JASON ASHLEY PARKER, JUDGE<br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Devonta McDonald was charged as an adult in the Lonoke County Circuit Court with aggravated robbery, a Class Y felony, and theft of property, a Class B felony. Mr. McDonald moved to transfer his case to the juvenile division of circuit court or, alternatively, for an extended-juvenile-jurisdiction designation. Following a hearing, the circuit court denied Mr. McDonald's motion to transfer. Mr. McDonald timely appealed and now argues the circuit court's denial of his motion was clearly erroneous. We affirm.

On December 12, 2020, Mr. McDonald, a minor at the time, went to the Sonic in Lonoke, Arkansas, and parked in the furthest stall to place his order. He ordered a small drink, and when the carhop brought the drink to him, he robbed her of $180 with the use of a gun. He then fled the scene and was arrested by the Arkansas State Police. It was later learned that earlier in the day, the vehicle Mr. McDonald used in the Lonoke County

robbery was stolen in Pulaski County and used in a robbery of the Sonic in Jacksonville in a similar manner. Mr. McDonald is charged with those crimes in the Pulaski County Circuit Court. Mr. McDonald turned eighteen years of age on April 3, 2021, and he was charged as an adult on April 20, 2021. A hearing on Mr. McDonald's motion to transfer was held on October 7, 2021, and on October 25, the circuit court entered an order denying Mr. McDonald's motion to transfer.

On appeal, this court will not reverse a circuit court's decision denying a motion to transfer unless it is clearly erroneous. *Lewis v. State*, 2020 Ark. App. 123, 596 S.W.3d 43. A finding is clearly erroneous when, after reviewing the evidence, this court is left with a firm and definite conviction that a mistake was made. *Id.* Under Arkansas law, a prosecuting attorney may charge a juvenile sixteen years or older in the circuit court's criminal division if the juvenile has engaged in conduct that, if committed by an adult, would be a felony. Ark. Code Ann. § 9-27-318(c)(1) (Repl. 2020). Upon the motion of the court or of any party, the judge of the division of circuit court in which a delinquency petition or criminal charges have been filed shall conduct a transfer hearing to determine whether to transfer the case to another division of circuit court. Ark. Code Ann. § 9-27-318(e). The moving party has the burden of proving the case should be transferred. *Lewis*, 2020 Ark. App. 123, 596 S.W.3d 43. At the transfer hearing, the court shall consider all the following factors in determining whether to transfer a case to juvenile court:

> (1) The seriousness of the alleged offense and whether the protection of society requires prosecution in the criminal division of circuit court;

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner;

(3) Whether the offense was against a person or property, with greater weight being given to offenses against persons, especially if personal injury resulted;

(4) The culpability of the juvenile, including the level of planning and participation in the alleged offense;

(5) The previous history of the juvenile, including whether the juvenile had been adjudicated a juvenile offender and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence;

(6) The sophistication or maturity of the juvenile as determined by consideration of the juvenile's home, environment, emotional attitude, pattern of living, or desire to be treated as an adult;

(7) Whether there are facilities or programs available to the judge of the juvenile division of circuit court that are likely to rehabilitate the juvenile before the expiration of the juvenile's twenty-first birthday;

(8) Whether the juvenile acted alone or was part of a group in the commission of the alleged offense;

(9) Written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and

(10) Any other factors deemed relevant by the judge.

Ark. Code Ann. § 9-27-318(g)(1)–(10). After a hearing, the circuit court shall make written findings on all the factors set forth in subsection (g), and upon a finding by clear and convincing evidence that a case should be transferred to another division of circuit court, the judge shall enter an order to that effect. Ark. Code Ann. § 9-27-318(h)(1)–(2).

In its order, the circuit court found that each factor under Ark. Code Ann. § 9-27-318(g) weighed in favor of denying Mr. McDonald's motion to transfer apart from factor (7).

However, despite factor (7)'s weighing in favor of Mr. McDonald because there were facilities or programs available to him through the juvenile division of circuit court, the circuit court found factor (7) did not outweigh the other nine factors.

The testimony and evidence that favored the denial of the motion to transfer under section 9-27-318(g)(1), (2) & (3) showed Mr. McDonald committed a serious offense when he robbed an employee of the Lonoke Sonic with the use of a gun, and this crime was committed in a violent, willful, aggressive, and premeditated way. Under factors (4) and (8), evidence and testimony showed Mr. McDonald solely planned the crime and was the only participant in the crime. Finally, under factors (5) (6), and (9), evidence and testimony presented proved that Mr. McDonald is now an adult and acts maturely. He has a child for whom he provides by working multiple jobs and has been given responsibilities at those jobs. He was able to travel from West Memphis to central Arkansas every other weekend to see his son. Further, Mr. McDonald is the oldest of nine children and helps with responsibilities around the home, such as getting other siblings ready for school.

Mr. McDonald has two prior juvenile cases in which he was placed on probation, both of which have expired. In the first case, Mr. McDonald was placed on probation on November 15, 2019, and in the second case he was placed on probation on September 28, 2020, to run concurrently with the first case. Mr. McDonald's probation was revoked in his first juvenile case, and he was ordered to finish out his probation, which should have ended in November 2020. In just over a year, Mr. McDonald has committed multiple offenses, despite being placed on probation and offered services through the juvenile system. The

4

services offered to Mr. McDonald have not worked to rehabilitate him, and in fact, his behavior has gotten more serious since entering the juvenile system.

On appeal, Mr. McDonald first contends the circuit court erroneously found the protection of society justified prosecution in the criminal division under factor (1). A juvenile may be tried as an adult solely because of the serious and violent nature of the offense. *Lewis*, 2020 Ark. App. 123, 596 S.W.3d; *C.B. v. State*, 2012 Ark. 220, 406 S.W.3d 796. Specific proof that protection of society requires a charge be in the circuit court is not required; rather, it can be inferred from the serious and violent nature of the offense. *Donson v. State*, 2019 Ark. App. 459, 588 S.W.3d 84. Mr. McDonald robbed an employee of the Lonoke Sonic with the use of a gun, took $180 from her, and then fled the scene. Under these facts, we cannot say the circuit court erred in finding the protection of society justified prosecution in the criminal division.

Next, Mr. McDonald contends the circuit court erroneously found the offense was committed in an aggressive and violent manner under factor (2), arguing the evidence is conflicting on whether he actually pointed the gun at the victim during the robbery. The circuit court made a credibility finding, supported by testimony, that Mr. McDonald used a firearm during the robbery. Matters of credibility are for the circuit court to determine, and we do not attempt to pass on the credibility of witnesses. *Duren v. State*, 2018 Ark. App. 68, 544 S.W.3d 555. Therefore, we cannot say the circuit court erred in finding the aggressive and violent manner of Mr. McDonald's offense justified prosecution in the criminal division.

Next, Mr. McDonald contends the circuit court erroneously considered factor (3) because the offense did not result in personal injury and therefore should not be given greater weight. The circuit court is not required to give each factor equal weight; thus, Mr. McDonald's argument has no merit. *See Lewis*, 2020 Ark. App. 123, 596 S.W.3d 43. Furthermore, Mr. McDonald is requesting that this court reweigh the import and weight given by the circuit court to this factor, which we cannot do. *See Clinkscale v. State*, 2018 Ark. App. 271, 550 S.W.3d 409.

Next, Mr. McDonald contends that while the circuit court did not err in its findings as to factors (4) and (8), any weight given to those factors should be slight. Again, the circuit court is not required to give each factor equal weight, and this court will not reweigh evidence on appeal. *See Lewis*, 2020 Ark. App. 123, 596 S.W.3d 43.; *Clinkscale*, 2018 Ark. App. 271, 550 S.W.3d 409.

Next, Mr. McDonald contends that under factor (5), the circuit court erroneously found that his previous adjudicated offenses were against a person or property. This argument ignores the second prong of factor (5), which includes "any other previous history of antisocial behavior or patterns of physical violence." Ark. Code Ann. § 9-27-318(g)(5). Further, the circuit court's findings did not state that Mr. McDonald had previously been adjudicated of offenses against a person or property; rather, it detailed his juvenile history that included a delinquency order in which Mr. McDonald was adjudicated for second-degree domestic battery that was later amended to disorderly conduct. Mr. McDonald's mother explained during her testimony that the charge arose from Mr. McDonald's pushing

his aunt, which is a pattern of physical violence as required under the second prong of factor (5) Therefore, we cannot say the circuit court clearly erred in finding Mr. McDonald's previous history of violence justified prosecution in the criminal division.

Next, Mr. McDonald contends that the circuit court erroneously found he was previously offered services through juvenile probation, and those services failed to rehabilitate him, undermining the circuit court's findings under factors (5), (6), and (9). This argument is without merit. The same delinquency order previously mentioned required Mr. McDonald and his family to cooperate with treatment services, including individual and family anger-management counseling, with monthly reports to the juvenile office provided by a counseling agency.

Finally, Mr. McDonald contends that while the circuit court correctly found that factor (7) weighed in favor of transfer, it failed to consider that the other factors also weigh heavily in favor of transfer when the evidence is viewed in its entirety. We disagree. When there is evidence that an appellant's current felony charges are part of a repetitive pattern of offenses, that past efforts at rehabilitation in the juvenile court system have not been successful, and that the pattern of the offenses has become increasingly more serious, these factors alone prevent this court from holding that the circuit court's ruling on the transfer motion was clearly erroneous. *See Sebastian v. State*, 318 Ark. 494, 885 S.W.2d 882 (1994); *Johnson v. State*, 317 Ark. 521, 878 S.W.2d 758 (1994); *Smith v. State*, 307 Ark. 223, 818 S.W.2d 945 (1991).

Given the circuit court's consideration of the statutory factors, we cannot say the denial of Mr. McDonald's transfer motion was clearly erroneous. We affirm.

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.